J. F. DODGE, Appellant,

vs.

PATRICK BURNS, Respondent.

APPEAL FROM THE ROCK CIRCUIT COURT.

Where a railroad company appropriated to its use lands, under and by virtue of its charter, by having the damages for taking the same assessed; and the owner appealed from the award of the commissioners, obtained judgment for the value of the lands upon the appeal, and received from the company the amount of such judgment; *Held*, that he was estopped from setting up any claim or right to the possession of the lands, while they were used by the company for the objects prescribed in the act of its incorporation.

The respondent, Burns, brought an action of trespass, *quare clausum fregit*, against the appellant, Dodge, for entering upon a part of lot 24 in Smith and Bailey's Addition to Janesville.

The defendant pleaded specially to the declaration, justifying the supposed trespass, and alleging that he was the engineer and servant of the Milwaukee & Mississippi Railroad Company, and that said company, at the time of the supposed trespass, was the owner of the *locus in quo*. Also, in a second plea, that at the time when, &c., the *locus in quo* was the close, possession, right-of-way, and an easement of the Milwaukee and Mississippi Railroad Company for the building and constructing their railroad; and that at the time when, &c., said company was in possession and occupancy of the premises, and that said company own and occupy the same for the purpose of constructing and operating their railroad thereon, and that said defendant, in the right of said railroad company, at the time when, &c., broke and entered the close, &c.

The cause was first placed upon the trial calendar without any replication to the special pleas, and the defendant moved to strike it off; but the court below overruled the motion, and

allowed replications to be filed *instanter ;* and after these had been demurred to, allowed new ones to be substituted, by way of amendment, and the cause went to trial to a jury. Errors are assigned and argued upon these alleged informalities, but the court having given judgment for the appellant on another ground, no further notice of them is deemed necessary.

The plaintiff having established the fact of the breaking, and the damages being agreed upon at six cents, in case of a recovery by plaintiff, he rested; and the defendant, on his part, offered in evidence the application of the Milwaukee and Mississippi Railroad Company to the Hon. C. M. Baker, judge of the first judicial circuit, for the appointment of commissioners to appraise the value of lands taken, and to assess damages for the right of way for said company's road ; and the order appointing commissioners, pursuant to the charter of said company ; together with the record of the action of said commissioners, their report, notice and award; the appeal taken by the plaintiff therefrom, and all the proceedings up to, and including, the judgment thereon, together with the plaintiff's receipt of full satisfaction of said judgment, in the order in which they stand upon the records and files of the court. The plaintiff objected to the introduction of this testimony, on the ground that the whole evidence so offered showed that the company had acquired no title thereby to the land in question. This objection was sustained and the evidence excluded, to which ruling the defendant excepted.

The papers and records relating to the appropriation of the land in dispute, and which were ruled out by the court below, are printed in full in the *case* furnished ; but as the controversy does not turn upon the *form* of the proceedings, but rather upon their legal effect, the papers are omitted here.

The jury having found for the plaintiff, who had judgment for the damages agreed on, the defendants appealed to this court.

*Eldridge and Ruger,* for the appellant, contended that the court below erred in refusing, on offer of defendant, to admit in evidence to the jury the application of the Milwaukee and

Mississippi Railroad Company, made under and in pursuance of the act incorporating said company, and the acts supplementary and amendatory thereto, for the appointment of commissioners to appraise the value of the land described in the declaration in this action, taken by said company for its use, and the damage sustained by the owner thereof, and also in refusing to admit in evidence to the jury the order appointing said commissioners, the record of the action of said commissioners, their report, notice to the owner of said lands of their meeting to assess said damage and appraise said value, award of said commissioners, appeal from said award by the plaintiff in the court below, and all the proceedings on said appeal up to, and including judgment on said appeal, and the receipt of said plaintiff of payment and satisfaction of said judgment by said Railroad company. Session Laws of 1847, pages 198–201. Chapter 49, Session Laws of 1850. Chapter 61, Private and Local Laws of 1855.

An action of trespass will not lie against a railroad corporation or any of its officers or employees, for entering upon or taking possession of lands, acting under the authority of an act of the legislature, where by the act under which they enter and take possession provision is made to ascertain the value of the lands so entered upon and taken possession of, and the damage sustained by the owner. *Stowell vs. Flagg*, 11 Mass., 364. *Stevens vs. the Proprietors of Middlesex Canal*, 12 Mass. 466. *Calender vs. Marsh*, 1 Pick. 418. *Charles River Bridge vs. Warren Bridge*, 7 Pick. 344. *Governor and Co., of the Cast Plate Manufacturers vs. Meredith*, 4 Term. 794. *Harris vs. Baker*, 4 M. and S. 27. *Jones vs. Bird*, 5 B. and A. 857 ; 8 East 229. *Steele vs. Inland Western Dock Navigation Company*, 2 John. 283 ; 1st American Railway Cases, 208.

The Milwaukee and Mississippi Rail Road Company having taken the lands described in this action for its use, under and in pursuance of its act of incorporation and the acts supplementary and amendatory thereto, and having had the value thereof and the damages sustained assessed to the owner, the owner appealing from the award of the commissioners appraising said

value and assessing said damages, and obtaining judgment on his said appeal for the value of said lands, and afterward receiving the amount of said judgment from said Railroad Company, is estopped from setting up any claim or right of possession to said lands against the said Railroad Company, its agents or contractors, so long as the same is used by said company for the purposes prescribed by its acts of incorporation. And the said Company have a perfect right to enter and re-enter in and upon said lands, by itself, its agents or contractors, without hindrance or molestation from the said owner. *Wheeler vs. the Rochester and Syracuse Railroad Company*, 12 Barb. Sup. Court Reports, 227. *The Niagara Falls and Lake Ontario Railroad Company vs. Hotchkiss and others*, 16 Barb. Supt. Court Reports, 270.

*Bennett, Sloan and Patten*, for the respondent.

The defendant in this case does not contend that the Milwaukee and Mississippi railroad company could not take a strip of land one hundred feet wide for the purpose of building a railroad track. But he says that the company cannot, by its charter, take a strip of land any wider than one hundred feet for such purpose.

The company have taken a strip one hundred feet wide, aside from that part of lot 24 in Smith & Bailey's addition, upon which the trespasses *complained* of were committed.

The petition marked " C," for the appointment of commissioners to assess the value of lands, &c., stated " that, in construction of their *line of road* from the easterly bank of Rock river westward to the Mississippi river, it had become and is necessary for them to take, use and occupy lots 23 and 24." This was objected to by the defendant, for the reason that the company had used 100 feet wide without that part of lot 24 upon which the trespasses were committed. The objection was sustained. In this the judge was clearly right. The proof being wholly immaterial. If the trespass had been committed upon the 100 feet used for the track, the proof might have been received, if the application was regular.

The defendant contended that inasmuch as the application for the appointment of commissioners stated that it was necessary to take all of the plaintiff's lots, and the whole were appraised, &c., they were entitled to the whole of them.

The absurdity of this position would be very clear, if instead of a small lot the railroad company attempted to take a quarter section or more of land.

We say the company could only take land for the particular purposes mentioned in its charter. And although they can appropriate land for different purposes, that before they take it, they must state the specific purpose for which each parcel of land is needed and is to be used.

Because the damages which the owner may sustain to the balance of his land, must always depend in a great measure upon the use which the company shall make of that which they do take.

And when one purpose is stated for which land is taken, it cannot be used for another.

The proof in this case showed that the only use made of the land, was for the purpose of building a road and laying the track upon it. That the depot and station building are some eighty rods from the land in question. And that the company were using a strip of land one hundred feet wide, which had belonged to the plaintiff, without taking the piece upon which the trespasses were committed. *Embury vs. Connor*, 2 Sanford Superior Court R. 98; *The People vs. White*, 11 Barb. Sup. Court R. 26.

*By the Court*, COLE, J. We are of the opinion that the circuit court erred in this case, in ruling out the evidence in regard to the application of the Milwaukee and Mississippi railroad company for the appointment of commissioners to appraise the value of the lands taken, and for the assessment of damage for such taking, as well as ruling out the proof of the various steps in the proceedings up to, and including the

judgment of the circuit court on appeal, together with the plaintiff's receipt in satisfaction of such judgment. The action was for trespass for entering the plaintiff's close, and the object of the defense was to show by this testimony, that the company, by its agents, had the right to enter upon the premises upon which the alleged trespass was committed, for the reason that said premises had been lawfully condemned, and been taken by the company for the use of the road. It will be noticed that the application for the appointment of commissioners stated that it had become necessary for the company to take, use and occupy, certain lands in the county of Rock, for the use of their track, and for depots, and materials in constructing the same, and that the company had determined to take for that purpose, lots 23 and 24 in Smith and Bailey's addition to Janesville. It cannot be denied, after an examination of the award, that the commissioners did in fact appraise the value of these two lots, and the damages to the owner for taking them, in accordance with the mandate of the order of their appointment. Burns being dissatisfied with this award of the commissioners appraising and determining the value of the land taken for the use and construction of the road, properly took his appeal to the circuit court. And in the circuit court a jury, upon the testimony, gave a verdict of fourteen hundred dollars, the value of these lots, and a judgment for that amount, and costs, was entered. Burns received from the company the amount of this judgment, and signed a receipt to this effect, in which he requested and directed the judgment to be discharged on the record. It is now objected that all this evidence, which went to show that lots 23 and 24 had been condemned and taken for the use of the road, and the value of which had been assessed and paid to Burns, and by him received in full satisfaction—that evidence of all these matters, was inadmissible to show the right of the company, by its agents, to go upon the land thus paid for, and the argument by which this position is sustained may be briefly stated as follows: It is insisted that the company, by these proceedings, acquired the right of taking only

a strip of land one hundred feet wide, for the purpose of building the road; that the company by its charter could only take a strip of that width; and the proof introduced by the plaintiff, showing that the company had used a hundred feet wide, without that part of lot 24 upon which the alleged trespass was committed; therefore it is contended that all the evidence ruled out was immaterial and properly rejected.

By the charter, the company was authorized to use and take possession of any lands adjacent to the main track, side tracks, turn-outs, and connecting tracks, beyond the limits of one hundred feet, for the purpose of erecting station and depot buildings, and other buildings, and fixtures for the transaction of the business of the company. (See chapter 61, session laws, private, 1855; chap. 49, Session Laws, 1850; Session Laws, 1849, page 194.) How could it properly be assumed that the whole of lots 23 and 24 were not required for the purpose of erecting depot buildings, station houses, and necessary fixtures for the operation of the business of the road, or that they were not required to deposite earth and gravel taken from deep cuts, or to obtain earth and gravel, and other materials for embankments and structures necessary for the construction and repairs of the road? As already remarked, the application for the appointment of commissioners to assess the value of these lots, stated that it was necessary for the company to take, use and occupy them for the track, depot, and materials in constructing the road. Under the ruling of the court it was not possible for the defendant below to show that the lots were taken by the company for any purpose whatever. Suppose it had been necessary for the company to take these lots and occupy them for buildings, fixtures, excavations or embankments, it appears to us that the application was sufficiently full and specific to authorize the company to take them for such purposes. Furthermore we consider the position of the appellants' counsel sound, which is, that the company having taken the lots for its use, under and by virtue of its charter and acts amendatory thereto, and having had the value of the lots assessed and damages for the taking of them, and Burns hav-

Dodge vs. Burns.

ing appealed from the award of the commissioners, and, obtaining judgment on his appeal for the value of the said lots, and afterwards receiving from the company the amount of such judgment, he is *estopped* from setting up any claim or right to the possession of those lots, so long as they are used by the company for any of the objects prescribed in the acts of incorporation. The judgment in the circuit court was for the value of these entire lots, as found by the jury. The amount of this judgment Burns received, and ordered the same to be satisfied of record. We can hardly see how in a more solemn manner he could have assented, in consideration of the money awarded, to the company's occupying and using these entire lots for any purpose mentioned in the charter.

We therefore think the circuit court erred in ruling out the evidence which went to show that the company, by its agents, had the right to enter upon the lots mentioned in the plaintiff's complaint, and a new trial must be granted.