THE CHICAGO, IOWA & KANSAS RAILROAD COMPANY V.
JOHN KNUFFKE.

CONDEMNATION PROCEEDINGS; *Buildings Pass with Land; Estoppel.*
Where a railroad company instituted proceedings to appropriate a
strip of land for its use in building a railroad, and the commissioners
appointed upon its application condemned a city lot upon which
buildings of a permanent character were standing and attached, and
in their report stated that the value of the buildings was included in
the award made; and the owner appealed from the award, but after-
ward accepted from the company the amount of the award and dis-
missed his appeal: *Held,* That the buildings passed with the land,
and that the action of the owner in dismissing the appeal and ac-
cepting the amount of the award, which upon its face included the
value of the buildings, estops him from claiming the possession of
the buildings or from removing them from the land appropriated.

*Error from Washington District Court.*

ACTION by *The Railroad Company* against *Knuffke,* to
recover the possession of certain buildings and material.
Judgment for the defendant, at the April Term, 1885. The
plaintiff brings the case here. The material facts appear in
the opinion.

*W. W. Guthrie,* for plaintiff in error.

*A. S. Wilson,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: The Chicago, Iowa & Kansas Railroad Com-
pany instituted proceedings to condemn a right-of-way through
Washington county upon which to construct and operate its
road. The commissioners appointed for that purpose laid out
a right-of-way through the city of Hanover, and condemned a
strip of land one hundred feet wide over a lot situated in that
city owned by John Knuffke, upon which certain buildings
were attached and standing. In the report filed by the com-
missioners it is stated that the lot was taken for the right-of-
way of the railroad, and they add: "And we do appraise the

value of said lot so taken, and the buildings and appurtenances thereto belonging, and assess the damages to the owner thereof at the sum of $2,100." The defendant, Knuffke, appealed from the award of the commissioners, but afterward he accepted the amount awarded, which had been placed on deposit with the county treasurer, and at a later time he dismissed his appeal. After the defendant had accepted the condemnation-money and had given a receipt to the county treasurer therefor, he tore down and removed the buildings which were upon the lot appropriated by the railroad company, claiming that they were not included with the land condemned, and the present action was brought to recover the possession of the buildings and material. In addition to the facts stated, it was shown at the trial that the commissioners, in making their award, considered the whole lot together with the buildings and improvements thereon. They valued the ground at $1,400, and the buildings and improvements at $700; and these two items together constituted the award of $2,100, which was made and accepted. There was testimony in regard to the permanent character of the buildings and their value, and also of the demand made by the plaintiff for the return of the property. A demurrer to the plaintiff's evidence was sustained, which was followed by a judgment for the defendant. The plaintiff has brought the case here for review.

The question presented for decision is, whether the buildings which were situate on the lot passed from the defendant to the plaintiff by the condemnation award, and its acceptance by the defendant while the buildings were standing thereon. The statute under which the commissioners were appointed delegates to them power to lay off a right-of-way for a proposed railroad, and to condemn so much land as may be deemed necessary for the purposes of the road. The condemnation proceedings give the railroad company a right to occupy the land condemned for the purposes necessary to its construction and use, and when the road is constructed, the perpetual use of the land is vested in the company. Authority is given to appropriate land, and that term is sufficiently

broad to include buildings of a permanent and fixed character, such as those in question here. (Mills on Eminent Domain, §§ 49, 223.) We have no statute, such as some of the states have, exempting houses and other structures from being appropriated for public use, or permitting the owner to remove them from land that has been condemned. On the other hand, our statute proceeds upon the theory that the railroad company appropriating the land acquires a right to the buildings thereon, and becomes liable to the owner for the value of the same. In the statute relating to corporations it is provided that an appeal shall be had from the determination of the commissioners, not only as to the value of the land, but also as to the value of the buildings and improvements on the land. (Gen. Stat., ch. 23, § 86.) This provision presupposes that the buildings are to be appraised by the commissioners. They are to award the owner not the damage done to the buildings by their removal, but are to allow him the full value of such buildings. The determination of the commissioners includes the value of the buildings as well as of the ground upon which they stand; and until compensation for both is made or secured by a deposit of money, the company cannot take possession of the land or acquire any right therein without the consent of the owner. While the buildings and material in question are not an absolute necessity in the construction and use of the road, they are of such a character that they may and can well be used by the company in building and operating its road. By agreement of the parties, the buildings and other improvements on the land taken might have been excepted from the award and retained by the land-owner. Instead of making such an exception, the conduct of the defendant was such as to conclude him from asserting any claim to the possession of the buildings. They were specifically mentioned in the report of the commissioners; and by the terms of the report the value of the buildings was included in the amount awarded to the defendant. In taking an appeal from the award he waived any question as to the regularity of the

Condemnation
proceedings;
buildings pass
with land;
estoppel.

proceedings; and by accepting the award, which upon its face included the value of the buildings, he is now stopped from setting up any claim or right. of possession to them. (*Challiss v. A. T. & S. F. Rld. Co.*, 16 Kas. 117; *A. T. & S. F. Rld. Co. v. Patch*, 28 id. 470; *Dodge v. Burns*, 6 Wis. 514; Mills Em. D., § 329.) He is entitled to just compensation for what is taken, but he cannot take the full value of the buildings and retain them too. The railroad company was entitled to the property appropriated and for which it had paid. The buildings were subject to condemnation, were condemned, and since the defendant has accepted full and just compensation for the buildings, he cannot now be permitted to claim or remove them. It follows that the court erred in sustaining the demurrer to the evidence, and the judgment will therefore be reversed, and the cause remanded for another trial.

All the Justices concurring.