No. 9569.

•ANTHONY ET AL. *v.* STURGIS ET AL.

INJUNCTION.—*Trespass.—Damages.*—An injunction to restrain a threatened trespass, which can be compensated in damages, will not be granted.

SAME.—*Illegal Tax.—Tax Duplicate.—County Treasurer.—Complaint.*—A complaint, averring that a county treasurer has demanded and endeavored to collect from the plaintiff a certain illegal tax placed by the auditor unlawfully upon the tax duplicate of the county, but not averring that such duplicate had ever come to the hands of the treasurer, furnishes no ground for injunction against either the auditor or treasurer.

From the Wells Circuit Court.

*T. S. Walterhouse,* for appellants.

*J. S. Dailey* and *L. Mock,* for appellees.

Morris, C.—The appellants brought this suit to enjoin the collection of a ditch assessment.

The complaint, consisting of one paragraph, states that the appellants are the owners in fee of the s. w. qr. of section 34, township 26 n., of range 11 e., in Wells county, Indiana; that on the —— day of June, 1878, the appellees, Henry Snow, Nelson Coddington (since deceased), and A. H. Ludlum, filed with the board of commissioners of said county their petition asking for the construction of a certain ditch or drain, which they alleged would affect the lands of the appellants; that said board of county commissioners, in accordance with the prayer of said petition, appointed viewers to examine the route of the proposed ditch and report thereon; that afterwards, on the 20th day of January, 1879, said viewers made their report, and assessed as benefits to the said land of the appellants, by reason of the construction of said ditch, the sum of $——; that, upon the filing of said report and the assessment of said viewers, said board of county commissioners, on said 20th day of January, 1879, made the following order, which they caused to be entered upon the record of their proceedings of that date, to wit: "Proof of publication and posting of notices as required by law being on file, and no remonstrance being presented, the board establishes the said Corne's ditch, according to the above report, and orders the said viewers to return and set stakes at the boundaries of each party's assessment, and apportion such expenses and set a —— for the payment of the same, and make report of the same at the next term of this court."

It is further stated that there was no hearing of the petition by the board, and no evidence of any kind introduced before the commissioners, that said proposed ditch was or would be conducive to the public health, convenience or welfare, or that it would be of public benefit or utility, nor that the board had at any time made any finding that the proposed ditch work was conducive to the public health, convenience or welfare, or of public benefit or utility, and that no evidence had ever been

introduced before said board going to establish the fact that said ditch was necessary and conducive to the public health, convenience or welfare, or of public benefit or utility.

It is also further averred that afterwards, on the 23d day of October, 1880, the appellee Elmore Y. Sturgis, auditor of Wells county, offered for sale the portion of said ditch assessed and allotted to the lands of the appellants, and sold out the same for the sum of $———, and caused the said ditch to be constructed through and across the lands of the appellants, without right and without authority of law, and entered the amount so necessary for the construction of said ditch upon the tax duplicate of said county, as a tax and lien upon the said lands of the appellants, whereby said pretended assessment, together with the interest, penalty and costs, became and now is a pretended and apparent lien upon said land; that the appellee Popejoy, treasurer of said county, has demanded of the appellants the amount of said tax, and endeavored to collect the same, alleging that it was a valid tax and lien upon said lands; that, on the —— day of February, 1880, the record of said board of commissioners was, by some one unknown to appellants, without an order of the board, and without the knowledge or consent of the appellants, and without authority of law, fraudulently and falsely, with intent to wrong and defraud the appellants, altered and changed so as to make the same read as follows:

"The board finding that section 2 of the ditch law has been complied with, and that the said work will be conducive to the public health, and of public benefit and utility, and proof of publication and posting up of notices as required by law being on file, and no remonstrance being presented, the board establishes the said Corne's ditch according to the above report, and orders the said viewers to return and set stakes at boundaries of each party's assessment thereof, and apportion such expenses, and set a —— for the payment of the same, and make report of the same at the next term of this court."

It is averred that the assessment is void; that the order of the board was made without any evidence; that there was no finding by the board that the ditch would be conducive to the public health, convenience or welfare, or of public benefit or utility.

Prayer that the pretended tax be adjudged illegal and void; that the appellees and all other persons connected with said ditch be forever enjoined from collecting said tax, etc.

The appellees appeared and demurred to the complaint, for the reason that it does not state facts sufficient to constitute a cause of action. The court sustained the demurrer, and, the appellants electing to stand by their complaint, judgment was rendered for the appellees.

The ruling of the court upon the demurrer is assigned as error.

It is not averred directly in the complaint that any specific sum had been assessed upon the appellants' land for the construction of said ditch, nor that any specific sum had been placed upon the tax duplicate of the county. From the facts stated in the complaint, it may be inferred that some amount, for the construction of said ditch, had been assessed upon the appellants' land, and that the sum so assessed had been placed by the auditor of the county upon the tax duplicate of the county. But what amount, whether substantial or otherwise, is not alleged, even argumentatively. It is averred that the treasurer of the county had demanded the tax, claimed it to be valid, and that he had endeavored to collect it. How the treasurer had endeavored to collect the tax, whether by demand and persuasion merely, or by legal authority, is not stated. It is not averred that the duplicate upon which the tax in question had been placed had ever been in the hands of the treasurer of the county, nor that he had taken, or endeavored to take, any steps in collection of the alleged illegal assessment other than as a mere trespasser. Under such circumstances, the appellants were not entitled to an injunction.

In the case of *Brown* v. *Herron,* 59 Ind. 61, 64, it is said: " The complaint does not aver that the tax duplicate is in the hands of the treasurer, without which, having no power to make the levy, the act of levying would be a mere trespass, which can not be enjoined, because the remedy is complete in an action at law." *Board, etc.,* v. *Hall,* 70 Ind. 469 ; *Porter* v. *Stout,* 73 Ind. 3 ; *Mullikin* v. *City of Bloomington,* 72 Ind. 161.

Upon the facts stated in this case, Popejoy, the treasurer, can not be enjoined, for the reason that the acts which he is alleged to have done do not authorize an injunction, and those which he is averred to have threatened to do amount to no more than a simple threat to commit a trespass, which may, if it should be committed, be fully compensated by an action at law.

There are no such facts alleged as would justify an injunction against the auditor. He had, before the commencement of this suit, done all that he could do ; he had placed the assessment upon the tax duplicate ; he had nothing more to do, nor is he charged with making any threats ; nor is any one of the other appellees charged with any attempt to collect or enforce the collection of the tax. Popejoy, the treasurer, is the only one of the appellees who is charged with making any threats or attempts to enforce the assessment. We have endeavored to show that, as to him, the charge is not sufficient.

The appellees say they demur severally to the complaint, but, as they unite in one demurrer, it must be regarded as joint.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be affirmed, at the costs of the appellants.