Filed April 30, 1891.

---

### No. 124.

### SULLIVAN v. O'HARA.

LANDLORD AND TENANT. — *Waste.* — *Ejection of Tenant.* — *Forfeiture of Crops.* — *Judgment.* — In an action by a landlord against his tenant for posession of the leased premises, because of waste committed by the latter, a general judgment for possession in favor of the former does not forfeit the tenant's right to the crops growing on the leased premises, although he moved away before they were harvested.   Section 286, R. S. 1881.

COSTS. — *Replevin.* — *Dividing Costs of Action.* — In an action of replevin where part of the property is awarded the plaintiff and the remainder to the defendant, the costs may be divided between the parties in the same ratio that the property is awarded by the judgment.

From the Miami Circuit Court.

*L. B. Sullivan, W. C. Bailey* and *J. T. Cox,* for appellant.

*S. D. Carpenter,* for appellee.

NEW, J.—This was an action in replevin, commenced in July, 1887, in a justice's court by the appellant against the appellee to recover the possession of one hundred and ninety-nine and one-half bushels of wheat.

The issues formed in the action were tried by the justice, with a finding in favor of the appellant for eighty-three and $\frac{14}{60}$ bushels of the wheat, and in favor of the appellee for one hundred and twenty-four and $\frac{51}{100}$ bushels of the same. Judgment was rendered accordingly, the costs being taxed three-fifths to the appellant and two-fifths to the appellee.

The case was appealed by the appellant to the circuit court, and there tried by a jury, who found that the appellant was entitled to the possession of eighty-three and $\frac{14}{60}$ bushels of the wheat, of the value of $54.08, and that the appellee was entitled to the possession of one hundred and twenty-four and $\frac{5}{60}$ bushels of said wheat, of the value of $81.15.

The appellant moved for a new trial, as, also, that all costs in the circuit court be taxed against the appellee. Both of these motions were overruled, and exceptions properly reserved.

The overruling of these motions and the rendition of judgment that part of the wheat be returned by the appellant are assigned as error by the appellant.

The reasons assigned for a new trial are :

*First.* That the verdict of the jury was not sustained·by sufficient evidence.

*Second.* That it was contrary to the evidence.

*Third.* That it was contrary to law.

The evidence is in the record, and from that it is made to appear that prior to the institution of this suit the appellee was the tenant of the appellant of farm lands under a written lease from August 10th, 1885, to August 10th, 1886, and

held over in the year following upon the terms of the original lease.

In March, 1887, suit was brought by the appellant against the appellee before a justice of the peace to recover the lands so occupied by the latter.

In the complaint it is alleged, among other things, that the appellee had committed waste by cutting timber on the leased lands. There was a finding and judgment in general form in favor of the appellant for the possession of the lands, and there was at that time a crop of growing wheat thereon which had been put in by the appellee as the tenant of the appellant. After the rendition of that judgment, and before time for cutting the wheat, the appellee moved off the land.

Upon the trial in the circuit court the appellee swore that the appellant said to him that he only wanted two-fifths of the wheat, that he need not be in a hurry about moving, and that he could take the wheat.

This the appellant in his testimony denied. When the wheat was scarcely ripened the appellant cut it, but it was threshed and hauled to Peru, the county seat, by the appellee, where the appellant was offered two-fifths of it, that being the proportion of the grain which appellant was to have by the terms of the lease.

It is the theory of counsel for the appellant that it is shown by the evidence that in the suit before the justice for the possession of the lands leased the appellee was ejected for waste, and that this gave to the appellant the sole right to all growing crops.

If the appellee committed waste, and thereby incurred the hazard of a forfeiture of his rights under the lease, as also the eviction of himself from the premises, a judgment of forfeiture and eviction against him could not be had, except under section 286, R. S. 1881, which reads as follows:

" Wrongs heretofore remediable by action of waste shall be subjects of action, as other wrongs in which there may be judgment for damages, forfeiture of the estate of the party

offending, and eviction from the premises. Judgment of forfeiture and eviction shall only be given in favor of the person entitled to the reversion against the tenant in possession when the injury to the estate in reversion shall be adjudged in the action to be equal to the value of the tenant's estate or unexpired term, or to have been done in malice."

The transcript of the proceedings and judgment in the case for the possession of the lands leased, discloses no such judgment as is required to effect a forfeiture and eviction.

It can not be said, therefore, even if waste was committed, that it resulted therefrom that the appellant became the sole owner of the wheat then growing on the premises.

We can not, in the face of the statute, indulge in any presumption as to what the jury may have believed, or what the evidence may have been, upon the subject of the injury to the estate in reversion being equal to the value of the tenant's estate or unexpired term, or that if there was such injury it was done in malice.

Forfeitures are not favored by law. They must be strictly construed. *Bacon* v. *Western Furniture Co.*, 53 Ind. 229; *Jenkins* v. *Jenkins*, 63 Ind. 415; *Hill* v. *Nisbet*, 100 Ind. 341. See, also, *Bollenbacker* v. *Fritts*, 98 Ind. 50, where section 286, *supra*, was directly involved.

It not appearing, therefore, from the record that the appellant was the sole owner of the wheat at the time he brought his action to replevy the same, and it not appearing that his share thereof, which under the lease was two-fifths, had ever been set apart by the tenant for him, he can not very well complain of the result of the trial in the circuit court. *Lacy* v. *Weaver*, 49 Ind. 373; *Bowen* v. *Roach*, 78 Ind. 361; *Cunningham* v. *Baker*, 84 Ind. 597; *Schenck* v. *Long*, 67 Ind. 579; *Chicago, etc., R. W. Co.* v. *Linard*, 94 Ind. 319.

The apportionment made by the court of the costs was consistent with the verdict of the jury, and the judgment entered upon the verdict.

There is no error in the record of which the appellant can complain.

The judgment is affirmed, with costs.

Filed April 30, 1891.