Filed June 7, 1894.

---

No. 16,470.

PERRY v. HAMILTON.

INJUNCTION.—*Insufficiency of Complaint.*—*Adequate Legal Remedy.*—If a complaint for injunction does not show that the plaintiff would not have an adequate legal remedy for all injury he might suffer, it is insufficient on demurrer.

SAME.—*Injury to Freehold.*—*Cutting and Removing Corn.*—*Landlord and Tenant.*—An injunction forbidding a tenant from cutting and removing stocks of corn from a field cultivated by him as tenant, can not be justified on the ground that such cutting and removal would be an injury to the freehold.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing*, for appellant.

*S. A. Bonner, M. D. Tackett, B. F. Bennett* and *D. W. Howe*, for appellee.

COFFEY, J.—On the 16th day of February, 1891, the appellant and the appellee entered into the following written contract, namely:

"Article of agreement between R. M. Hamilton and George Perry. The said Perry has rented of Hamilton the field on the north side of the Brookville road as far on the east as can be cultivated. The said Perry agrees to pay five dollars ($5) per acre, to be tended in corn. The said Perry obligates himself to gather the corn as soon as practicable in the fall, and give possession of the field. The rent to be paid the twenty-fifth of December, 1891."

The land described in this contract was cultivated in corn during the summer of 1891, and, upon the maturity of the crop, the appellant commenced cutting and placing it in shocks. The appellee, claiming that the appellant, under the terms of the contract, was not entitled to take the fodder, commenced this action to enjoin him from proceeding in the work of severing it from the ground.

There is no allegation in the complaint to the effect that the appellant is insolvent. The appellee succeeded in obtaining a perpetual injunction in the circuit court, and this appeal is prosecuted for the purpose of reversing that decree. The question as to whether the facts make a case in which an injunction will be granted is presented by a demurrer to the complaint.

It is a familiar rule that a party having an adequate legal remedy can not maintain an action for an injunction. *Smith* v. *Goodknight*, 121 Ind. 312; *Thatcher* v. *Humble*, 67 Ind. 444; *Bishop* v. *Moorman*, 98 Ind. 1.

Assuming, without by any means deciding, that the appellant was not entitled to the fodder produced on the land described in this contract, we think the appellee has

Perry *v.* Hamilton.

an adequate legal remedy for the injury of which he complains.

If he was entitled to the fodder of which the appellant was about to deprive him, payment of its value would fully compensate him.

The only reason suggested in argument in support of the action of the court in granting an injunction is that cutting and removing the stocks would be an injury to the freehold. The reason is unsound, because, as between landlord and tenant, the annual crop constitutes no part of the freehold. *Heavilon* v. *Farmers' Bank, etc.*, 81 Ind. 249; *Chicago, etc., R. W. Co.* v. *Linard*, 94 Ind. 319.

The appellant being solvent and able to respond, pecuniarily, to the appellee, for any injury he may be able to establish, we think he has an adequate remedy at law, and for that reason can not maintain an action for injunction. *Miller* v. *Burket*, 132 Ind. 469.

In our opinion, the circuit court erred in overruling the appellant's demurrer to the appellee's complaint in this case.

Judgment reversed, with direction to sustain the appellant's demurrer to the complaint.

Filed Dec. 14, 1893; petition for a rehearing overruled June 6, 1894.