## BURKET ET AL. v. MILLER.

[No. 2,829. Filed Nov. 29, 1899. Rehearing denied June 20, 1900.]

INJUNCTION.—*Action on Bond.*—In an action on an injunction bond, the original proceedings for an injunction will be held to have been discontinued, where it is shown by the evidence that the judgment procured by the plaintiff in the trial court was reversed and the temporary restraining order dissolved on appeal to the Supreme Court, and that the entry of judgment in the order-book of the trial

court, upon the reversal, was the last step taken in the cause, and that the suit on the bond was not filed until nearly three years had elapsed since the rendition of the judgment, and not until every obligation, the performance of which the bond sued on was intended to secure, had been violated.  *pp. 112, 113.*

APPEAL AND ERROR.—*Harmless Error.*—It is not reversible error for the court to sustain demurrers to special answers, where all the evidence which would have been admissible under such answers was admissible under the general denial, also pleaded.  *p. 113.*

LANDLORD AND TENANT.—*Action for Possession.*—*Right to Growing Crops.*—A judgment in favor of a landlord for possession does not entitle him to the growing crops.  *p. 115.*

From the Howard Superior Court.  *Affirmed.*

*B. C. Moon* and *M. Winfield,* for appellants.

*D. C. Justice, J. C. Blacklidge* and *C. C. Shirley,* for appellee.

HENLEY, J.—This is an action for the recovery of damages upon two injunction bonds executed by appellant Burket as principal.  The complaint avers that appellee was on the 30th day of June, 1890, the owner of the undivided one-half of eighty-three acres of growing wheat situated upon certain lands in Cass county, Indiana, which lands are particularly described, and appellee, being in possession thereof, was engaged in cutting and harvesting the same at said time; that on the 1st day of July, 1890, while so engaged in harvesting said wheat, appellant Burket commenced an action against appellee and his sons, who were assisting him in the harvesting, for an injunction and restraining order to prevent and restrain appellee from harvesting the wheat and perpetually to restrain appellee from interfering or disturbing appellant Burket in harvesting said wheat; that in said action appellant procured a restraining order against appellee harvesting said wheat and restraining appellee from interfering with appellant Burket in harvesting the same; that, to procure such restraining order, appellant Burket, as principal, and appellant Charles H. Uhl, as surety, executed a bond to the approval of the

court; that upon the hearing of said cause, the court continued said restraining order, and from the said judgment appellee appealed to the Supreme Court of Indiana, in which court the judgment of the lower court was, on the 20th day of October, 1892, in all things reversed, and that thereafter the said Burket did not longer prosecute his action, but the same was discontinued by him. It is further charged in the complaint that, immediately upon procuring the restraining order, said Burket went onto the land and harvested said crop of wheat and appropriated it to his own use. Appellee demands judgment for his expenses, attorney's fees, and costs, together with the value of the wheat alleged to have been converted by appellant Burket under the protection of the restraining order.

To the complaint appellants filed their joint and several answers in seven paragraphs. Appellee demurred to the fourth, fifth, sixth, and seventh paragraphs of answer. The demurrer was sustained to the fourth, fifth and sixth paragraphs, and overruled as to the seventh. There was a trial and judgment for appellee.

We will dispose of the questions presented by appellants' assignment of errors in the order in which counsel have argued them. The complaint is not questioned. It is first contended that there is no evidence to sustain the allegation of the complaint that "thereafter the said Burket did not longer prosecute his action but the same was discontinued by him." Conceding, without deciding, that this was a material averment of the complaint, we think there was evidence introduced from which the court could rightfully find that the said averment had been proved. Appellee introduced and read in evidence the papers in the original case of Burket v. Miller. That case was commenced on the 1st day of July, 1890, bond was given, and a temporary restraining order was issued on that day. Upon the hearing, the injunction was continued. An appeal was taken by appellee to the Supreme Court. That court, on the 26th day

Burket *v.* Miller.

of October, 1892, reversed the judgment of the lower court, the opinion of the Supreme Court in that case concluding as follows: "We find nothing in the complaint sufficient to authorize the granting of an injunction. The judgment is reversed, at the appellees' cost." *Miller* v. *Burket,* 132 Ind. 469. There was no complaint on file in the Cass Circuit Court sufficient to authorize the granting of an injunction. The lower court, on the 5th day of January, 1893, after the opinion of the Supreme Court had been certified down, rendered judgment in said cause in favor of appellee Miller against appellant Burket as follows: "It is therefore further ordered, adjudged, and decreed by the court that the judgment in this cause be in all things reversed, and that the temporary injunction be dissolved, and that the defendant do have and recover of and from the plaintiff all costs," etc. The certified copy of the order-book entries in the case of Burket v. Miller, introduced in evidence, shows that the entry of judgment upon the opinion of the Supreme Court when the same was spread of record was the last step taken in said cause. The complaint in the case at bar was not filed until nearly three years had elapsed after the rendition of the above judgment, and not until every obligation, the performance of which the undertakings sued on were intended to secure, had been violated. These facts all appear in the evidence and are conclusive proof that the injunction proceedings were no longer prosecuted but were by appellant discontinued.

The fourth, fifth, and sixth paragraphs of answer were special denials; the general denial was also pleaded, and all evidence was admissible under the general denial which could have been admitted under these special answers. In such a case, it was not reversible error for the court to sustain demurrers to such answers. *Mason* v. *Mason,* 102 Ind. 38; *Landwerlen* v. *Wheeler,* 106 Ind. 523; *Pierce* v. *Pierce,* 17 Ind. App. 107. The seventh paragraph of answer was also held good by the lower court, and under this paragraph

of answer any evidence was admissible that might have been admissible under the averments of the answers which were held insufficient. Under the assignment of error that the court erred in overruling the motion for a new trial filed by each of appellants, counsel discuss the admissibility of certain evidence, and the correctness of the instructions given by the court to the jury. It was admitted that a certain exhibit which was set out in the answer is a true copy of the proceedings had before the justice of the peace in the case of Burket v. Boone, and that it may be received as evidence, if competent, the same as if it had been certified here. The appellants then offered the transcript in evidence. Counsel for appellee objected to its admission in evidence because it was irrelevant and did not in any manner tend to prove ownership in appellant of the wheat in question, and that the judgment shown by said transcript did not operate to pass the title of the said wheat to appellant. The lower court sustained the objection and appellant excepted. The transcript of the proceeding and judgment offered in evidence by appellant was the transcript of all the proceedings and judgment in a case brought by appellant Burket against his tenant, Boone, to recover possession of the lands leased him, a part of which lands was the land upon which the wheat in controversy was then growing. The rental contract was made a part of the complaint. The breach of the conditions was alleged and judgment asked for the possession of the premises. Before the day set for trial, an agreement was entered into between the plaintiff and the defendant in said action and filed with the justice before whom the same was pending. This agreement was in the following words: "It is agreed that judgment may go for plaintiff for possession, but no writ is to issue thereon until March 5, 1890. This agreement to be entered on the judgment." The justice then rendered the following judgment: "It is therefore considered and adjudged by the court that the plaintiff, Alvin Burket, do have possession of the real es-

tate described in his complaint, and it is further ordered by the court that no writ of restitution issue upon this judgment until after the 5th day of March, 1890. Dated February 21, 1890." Appellants' whole defense rests upon this judgment. If the judgment rendered by the justice as above set out, which dispossessed Boone, and gave the possession of the land and the growing crops to appellant, then appellee had no title to the wheat, and he could not be damaged by the taking of the wheat by appellant, because, under appellants' theory of the effect of the judgment, the appellant would be the real owner. As between landlord and tenant it has been universally held in this State that growing crops are personal property. *Cunningham* v. *Baker*, 84 Ind. 597; *Gordon* v. *Stockdale*, 89 Ind. 240; *Perry* v. *Hamilton*, 138 Ind. 271. In the last mentioned case the court said: "The only reason suggested in argument in support of the action of the court in granting an injunction is that the cutting and removing of the stocks would be an injury to the freehold. The reason is unsound, because, as between landlord and tenant, the annual crop constitutes no part of the freehold."

The transcript of the proceedings and judgment, including the agreement entered into between the parties to the suit in the case begun by the landlord for possession, does not show such a judgment as is required to effect a forfeiture and eviction; neither by the complaint nor by the agreement between the parties was such a judgment authorized. The right to the wheat was not in litigation, and was not determined. The question argued by appellants' counsel is squarely determined adversely to appellants' contention in the case of *Sullivan* v. *O'Hara*, 1 Ind. App. 259, and again in *Collier* v. *Cunningham*, 2 Ind. App. 254. The instructions given by the court to the jury stated the law applicable to the evidence, and it appears from the whole record that the right conclusion has been reached by the lower court.

Judgment affirmed.