## STAUFFER ET AL. *v.* CINCINNATI, RICHMOND & MUNCIE RAILROAD.

[No. 5,015. Filed March 29, 1904. Rehearing denied June 3, 1904. Transfer denied June 22, 1904.]

PLEADING.—*Exhibits.*—In a suit by a railroad company to enjoin defendants from removing certain buildings from a strip of land acquired by plaintiff for a right of way, it is not necessary to set out in the complaint the instrument of appropriation nor to file it as an exhibit. *pp. 357, 358.*

INJUNCTION.—*Grounds.*—To authorize a court of equity to interfere by injunction, the violation of plaintiff's rights must be of such a nature as is or will be attended with substantial or serious damages. *p. 358.*

SAME.—*Remedy at Law.*—The fact that there is a complete remedy at law will not bar an injunction. The remedy at law must be as practical

Stauffer v. Cincinnati, etc., Railroad.

and efficient to the ends of justice, and its proper administration, as the remedy in equity. *p. 358.*

EMINENT DOMAIN.—*Railroad Right of Way.—Land Includes Buildings.*— The word "land," as used in statutes conferring power to condemn, includes both the soil and buildings and other structures, and it will be presumed that an award made, in a proceeding, under §5160 *et seq.* Burns 1901, to appropriate land for a railroad right of way, included the buildings on the real estate. *pp. 358–360*

SAME.—*Railroads.—Award.*—The award made by the appraisers in a condemnation proceeding, under §5160 *et seq.* Burns 1901, is an adjudication upon the question of damages, and at the expiration of the time allowed for an appeal it is in the nature of a judgment. *p. 360.*

SAME.—*Railroads.—Removal of Buildings.—Injunction.*—Where in a suit to enjoin a railroad company from removing buildings from a strip of land it had acquired for a right of way by condemnation proceedings, an answer admitting the condemnation proceedings, the payment of the award and the acceptance thereof by plaintiff, is insufficient to show any right on the part of plaintiff to go upon the land condemned and remove the buildings. *p. 360.*

From Pulaski Circuit Court; *J. C. Nye,* Judge.

Suit by the Cincinnati, Richmond & Muncie Railroad against John Stauffer and wife. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*William Spangler* and *George Burson,* for appellants.
*F. L. Dukes, S. Bybee* and *Robbins & Starr,* for appellee.

ROBINSON, J.—Transferred from Supreme Court under Act of March 12, 1901. Appellee sued to enjoin appellants from removing certain buildings from a strip of land it had acquired for a right of way by condemnation proceedings. The complaint shows that the appraisers awarded appellants $2,980, which sum was paid into the clerk's office and was paid to and accepted by appellants on the same day. It is also averred that on the premises are located, at the present time, certain buildings which appellants are attempting to remove, and thereby irreparably damaging appellee.

As the action is not based upon the instrument of appropriation, it was not necessary to set it out in the complaint or to file it as an exhibit. It is only where the action is

founded on a written instrument that the original, or a copy, must be filed with the pleading.  §365 Burns 1901.

It is a general rule that to authorize a court of equity to interfere by injunction, there must be something more than a mere violation of a plaintiff's rights; it must appear that this violation is of such a nature as is, or will be, attended with substantial or serious damages.  But it is not enough that there is a complete remedy at law.  "If the remedy at law," said the court in *Watson* v. *Sutherland,* 5 Wall. 74, 18 L. Ed. 580, "is sufficient, equity can not give relief, 'but it is not enough that there is a remedy at law;  it must be plain and adequate, or in other words, as practical and efficient to the ends of justice, and its proper administration, as the remedy in equity.' "   *Boyce* v. *Grundy,* 3 Pet. 209, 7 L. Ed. 655; *English* v. *Smock,* 34 Ind. 115, 7 Am. Rep. 215;  *Clark* v. *Jeffersonville, etc., R. Co.,* 44 Ind. 248;  *Thatcher* v. *Humble,* 67 Ind. 444; *Fitzmaurice* v. *Mosier,* 116 Ind. 363, 9 Am. St. 854; *McAfee* v. *Reynolds,* 130 Ind. 33, 30 Am. St. 194, 18 L. R. A. 211; *Town of Winamac* v. *Huddleston,* 132 Ind. 217; *Alexander* v. *Johnson,* 144 Ind. 82; *Bishop* v. *Moorman,* 98 Ind. 1, 49 Am. Rep. 731; *Denny* v. *Denny,* 113 Ind. 22.

The first paragraph of answer admits the condemnation proceedings and the payment of the award to the clerk, does not deny its acceptance by appellants, and alleges that on the land taken, and in which appellee acquired only an easement, was the dwelling-house of appellants, which did not become the property of appellee by reason of the condemnation proceedings, but is and has been at all times the property of appellants, which they have the right to remove from the right of way, and that appellee has no title or interest therein.  The second paragraph further alleges that the building is not needed and can not be used by appellee in the construction and operation of its road, that the appraisers believed and acted upon the theory that the house did not pass by reason of the condemnation pro-

ceedings, and that the award was made without taking into consideration the value of the building. The third paragraph alleges, in addition, the acceptance of the award by the appellants, that the appraisers acted on the theory that appellants could remove the building, and did not take into consideration the value of the house, but on the contrary, did award, as part of the damages, and allow them $150 as and for the expense and cost of removing the building from the right of way.

The statute conferring power on railroads to appropriate land (§5160 *et seq.* Burns 1901) provides that the corporation shall deposit with the clerk of the court "a description of the rights and interests intended to be appropriated; and such lands, rights and interests shall belong to such company, to use for the purpose specified, by making or tendering payment" as provided; it is further provided that the appraisers "shall consider the injury which such owner may sustain by reason of such railroad, and shall forthwith return their assessment of damages to the clerk of such court, setting forth the value of the property taken or injury done to the property which they assess to the owner." Provision is also made for the review of the award by the court upon application of either party, upon which a new appraisement may be ordered.

When the appraisers were appointed in the condemnation proceedings, it was their duty to appraise the land taken. The house on the land taken was a part of the realty, and could not be considered by the appraisers except in connection with the land. "The term land," says the author in Lewis, Eminent Domain (2d ed.), §285, "in statutes conferring power to condemn, is to be taken in the legal sense, and includes both the soil and the buildings and other structures on it, and any and all interests therein." *Brockett* v. *Ohio, etc., R. Co.,* 14 Pa. St. 241, 53 Am. Dec. 534; *State* v. *Reed,* 38 N. H. 59; Mills, Eminent Domain (2d ed.), §§49, 223. The building in question

being a part of the real estate, it·must be presumed that it was included in the award of the appraisers. If this award was not satisfactory to appellants, they could have appealed and had the award reviewed by the circuit court. The award by the appraisers was an adjudication upon the question of damages by a competent tribunal, and at the expiration of the time allowed for an appeal it was, to an extent at least, in the nature of a judgment. Not only was there no appeal, but appellants accepted and retain the award as made. Had. appellants appealed from the award, and, pending the appeal, had accepted the damages assessed by the appraisers, such acceptance would have precluded them from taking· further proceedings for ' the recovery of greater damages. *Baltimore, etc., R. Co.* v. *Johnson,* 84 Ind. 420.

The effect of ·appellants' answer is, indirectly, to impeach the award by attempting to show that the value of the building was not included in the damages. The same reason that would preclude them, having accepted and retained the damages assessed, from claiming greater damages in a direct appeal, precludes them from questioning the award in the manner attempted in the answers. Where land upon which buildings are situated is condemned, the parties might agree concerning the buildings, but a rule should not be declared that would permit the company to appropriate the land and leave the building to the owner. See *City of Kansas City* v. *Morse,* 105 Mo. 510, 16 S. W. 893; *Dodge* v. *Burns,* 6 Wis. 514; *Mississippi, etc., Co.* v. *Ring,* 58 Mo. 491; Mills, Eminent Domain (2d ed.), §329.

Moreover, as the complaint shows the appellee is entitled to the possession of the land through the condemnation proceedings, the facts alleged in the answers are insufficient to show any right on the part of appellants to go upon the land condemned and remove the building.

Judgment affirmed.