JOHN S. WILLIAMS, Assignee,

*vs.*

COLUMBUS W. ELLIS et al.

Piscataquis.    Opinion March 14, 1906.

*Pleading.    Prior Action Relating to Same Matter Pending.    Demurrer Sustained.
Facts Stated in Bill of Exceptions Not Considered, When.*

1.  When it is alleged in a declaration that another and prior action had
been brought relating in some degree to the same subject matter and
there is no allegation that such prior action had been determined it must
be assumed to be still pending.

2.  No action for the malice with which an act was done can be maintained
while another action for the act itself is pending undetermined.

3.  No statement of fact in a bill of exceptions to a ruling sustaining a
demurrer to a declaration can be considered if it be not also stated in the
declaration.

On exceptions by plaintiff.    Overruled.

Action on the case brought by the plaintiff, as assignee of the
estate of Clarence E. Lombard, to recover damages for the alleged
interference of the defendants with the plaintiff's management of the
trust property passing to him by virtue of the assignment made to
him by said Lombard, by attachment and subsequent seizure of the
assigned property.

The defendants demurred generally to the declaration, and the
demurrer was sustained by the court of the first instance.    There-
upon the plaintiff took exceptions.

The bill of exceptions alleges the following facts :

"Clarence E. Lombard made a voluntary assignment for the
benefit of his creditors to the plaintiff, to which his creditors assented
in writing, the defendants among others.

While the estate was being settled the defendants without notice
to said plaintiff brought suit against the assignor and attached certain
personal property in the hands of the said assignee, upon their

original debt being the promissory note of said Lombard. They recovered judgment and seized and advertised said property on that execution.

The plaintiff obtained an injunction from the Supreme Judicial Court forbidding the defendants from further interference with the trust property,— being property that was seized, which injunction was made permanent upon trial before the Supreme Judicial Court in equity ; with costs to plaintiff upon the bill in equity praying for said injunction. Plaintiff now brings action against the defendants to recover damages sustained by reason of the defendants' attachment and subsequent seizure of said assigned property in withholding the same from his control and disposal in his trust capacity."

The pith of the case is stated in the opinion.

*John S. Williams and Willis E. Parsons,* for plaintiff.

*Hudson & Hudson,* for defendants.

SITTING: WISWELL, C. J., EMERY, WHITEHOUSE, SAVAGE, POWERS, SPEAR, JJ.

EMERY, J. This case comes to the law court on exceptions to a ruling sustaining a general demurrer to the declaration. The pith of the case stated in the declaration is this : — The defendants, having a judgment and execution against one Lombard, caused to be seized upon the execution certain personal property owned and held by the plaintiff under an assignment to him for the benefit of Lombard's creditors. The plaintiff thereupon began legal proceedings against the defendants to recover the property and prevent its sale upon the execution. The defendants knew of the assignment and had become parties to it, and their act of seizure, etc., was done maliciously for the purpose of delaying the settlement of the estate under the assignment and obtaining an advantage over the other creditors of Lombard who had also become parties to the assignment. It is not alleged, however, that the legal proceedings begun by the plaintiff have terminated. It must therefore be assumed that they are still pending.

Upon the case stated, the action is not one for the recovery of the property, nor for damages for its taking or detention. Other legal

proceedings have been begun and are pending for those objects. It is not an action for malicious prosecution since there is no allegation of any prosecution of this plaintiff, but only of a seizure of his property on an execution against another. It is not an action for abuse of legal process since there is no allegation of any malice, oppression or injury in the manner, method, or hour of the seizure, but only in the seizure itself however made. In fine, the action is not based on the seizure, the act, but only on the spirit, the animus, with which the seizure was made, the act done, and is begun while some other action based on the act itself is still pending.

We think it clear that this action for the spirit, the animus, cannot be maintained until the pending action for the substance, the corpus, is terminated. The facts alleged in this action may fail of proof in the other, and it may there be found and adjudged that the assignment was not valid, and that the plaintiff had no title nor interest in the property seized. In such possible event, a judgment for the plaintiff in this action could have no foundation.

The plaintiff calls our attention to a statement in the bill of exceptions that the legal proceedings named in the declaration had in fact been terminated in his favor before this suit was begun, and he contends that we must therefore assume that to be the fact in passing upon the demurrer, though it is not alleged in the declaration itself. We cannot do so. No such fact is admitted by the demurrer and we can assume only such facts as the demurrer admits, viz, facts well pleaded in the declaration.

*Exceptions overruled.*
*Declaration adjudged insufficient.*