# BRENNER *v.* HEILER.

[No. 7,254. Filed May 11, 1910. Rehearing denied October 4, 1910.]

1. INJUNCTION.—*Damages.*—*Complaint.*—A complaint to enjoin defendant from plowing upon plaintiff's land, alleging that defendant entered upon plaintiff's land in violation of defendant's lease and plowed one acre thereof, to plaintiff's damage in the sum of $50, is sufficient on demurrer, as a claim for damages, regardless of the right to injunction. p. 338.

2. INJUNCTION.—*Possession.*—*Threats of Disturbance to Right of.* —A threatened disturbance of a real property owner's right of possession authorizes injunctive relief. p. 338.

3. APPEAL.— *Presentation of Question.*— *Motion for Change of Venue.*—*Default Judgment.*—*Motion for New Trial.*—The overruling of a motion for a change of venue constitutes no ground for a motion for a new trial, where the judgment was rendered upon a default. p. 338.

4. LANDLORD AND TENANT.—*Former Adjudication.*—*Action for Rent.* —*Injunction from Holding Over.*—A judgment for the rent due for a term under a lease does not estop the landlord from maintaining a suit to prevent such tenant from holding over. p. 338.

From Dubois Circuit Court; *Virgil R. Greene,* Special Judge.

. Suit by Lena Heiler against Robert Brenner. From a decree for plaintiff, defendant appeals. *Affirmed.*

*R. W. Armstrong,* for appellant.

*Leo H. Fisher* and *Carl H. Schwartz,* for appellee.

COMSTOCK, J.—The complaint in this case alleges that the plaintiff was the owner of certain real estate in Dubois county, Indiana; that she purchased said land from Carl J. Grabber, in April, 1908; that he delivered over to her the possession thereof, subject to defendant's right as a tenant from year to year; that said defendant has been and is now occupying said land as a tenant from year to year; that his tenancy began on March 1, 1908, and will expire on March 1, 1909; that on June 30, 1908, plaintiff served a written notice on defendant to deliver possession of said land at the expiration of the current year of said tenancy, and also in said notice informed defendant that she had purchased said land, and notified him that she intended to plow the vacant places in said land during the fall of 1908, and sow it in wheat; that in violation of his rights under said lease, and in violation of said written notice, defendant, on August 13, 1908, began to plow a part of said land, preparatory to sowing wheat; that he has already, up to August 14, 1908, plowed about one acre of said land, and if not prevented by an order of this court he will continue to usurp the rights of plaintiff in her said land; that defendant, wrongfully and without leave, license or consent of plaintiff, entered upon said land, with teams and plows, and on August 13 and 14, 1908, plowed one acre of said ground, preparatory to putting in wheat, and thus continuing his tenancy beyond March, 1909; that defendant is threatening to, and will if not enjoined and restrained by this court, continue to plow plaintiff's said land, and sow wheat thereon, thereby continuing his tenancy and lease on said land beyond the term of its expiration, to wit, March 1, 1909, to the irreparable injury of this plain-

tiff; that defendant is wrongfully claiming, without any right, license or leave from this plaintiff, that he holds a lease on said land for a term of three more years; that said claim to a three years' lease is false and wholly without right or permission from plaintiff, or from any of the former owners of said land; that defendant is not entitled to remain as a tenant on said land after March 1, 1909; that plaintiff is entitled to the possession thereof on March 1, 1909, by virtue of the written notice aforesaid, which is filed with the complaint and made a part thereof, marked Exhibit A, that defendant is entitled to remain upon said land until March 1, 1909, but no longer, and if he be permitted to remain thereon after said date, and be not restrained and enjoined by this court, said continued occupancy will be to the irreparable injury and great damage of plaintiff; that there is no legal and adequate remedy at law for plaintiff herein. Therefore she asks that defendant be restrained and enjoined, and that plaintiff have damage in the sum of $50.

A demurrer for want of facts was overruled to the complaint, and appellant filed an affidavit and motion for change of judge and an affidavit and motion for change of venue from the county, each of which motions was overruled.

The action of the court in overruling said motions was made the basis for a verified plea to the jurisdiction of the court. The court sustained appellee's demurrer to said plea in abatement. Appellant, by his second paragraph of answer, attempted to set up former adjudication of the cause. To such answer the court sustained a demurrer for want of facts. Thereupon the court ordered appellant to plead further, and upon his refusal he was called and defaulted.

The errors discussed on behalf of appellant question the sufficiency of the complaint, the sustaining of a demurrer to the second paragraph of answer, and the action of the court in overruling appellant's motion for a new trial.

The complaint alleged that appellant, without the per-

mission of appellee, plowed one acre of her ground, to her damage in the sum of $50. It is good, therefore, as

1. a charge of damage to appellee, without reference to its sufficiency for injunctive relief. *Owens* v. *Lewis* (1874), 46 Ind. 488.

A threatened disturbance to an owner's right of possession has been held to authorize an injunction. *Miller* v.

2. *Burket* (1892), 132 Ind. 469, 479; *Pence* v. *Garrison* (1884), 93 Ind. 345; *Owens* v. *Lewis, supra.*

The only reason for a new trial is the action of the court in denying the right to a change of venue. There is no evidence in the record and no finding of facts by the

3. court. Judgment was rendered upon default. There was no trial in the true acceptation of that term. In such a case it has been expressly held that relief from the judgment cannot be obtained by an ordinary motion for a new trial. *Rooker* v. *Bruce* (1908), 171 Ind. 86, and cases cited. Such error, if any, should be presented by independent assignment.

The second paragraph of answer, upon which is based a specification of error, sets out a former action by plaintiff against defendant, which is based solely upon defend-

4. ant's refusal to pay rent after having been served with a ten days' notice in writing on March 2, 1908. Judgment was rendered on June 26, 1908. The present case against defendant was upon the theory that the appellant, after the judgment in the former cause, to wit, on June 30, 1908, served the appellant with a written notice, known as a "three months' notice," to deliver possession of the real estate in question at the expiration of the current year of the tenancy, upon the theory that appellant was a tenant from year to year. The former judgment was not an adjudication of the cause at bar. We find no reversible error.

Judgment affirmed.

## CONCURRING OPINION.

ROBY, J.—The assignment that the court erred in refusing the change of venue is logically correct. It would seem that no new trial could be granted in a case in which there has been no trial. It is also logically correct to make such assignment where there has been a trial, for the reason that such motion and the refusal thereof can have no more to do with the trial than the ruling on a demurrer or any other action which has nothing to do with it. *Citizens St. R. Co.* v. *Shepherd* (1902), 29 Ind. App. 412, 424. If logic governs in making assignments of error, the cases cited on page 424, *supra,* should be overruled.