## PAETZ v. MIX.

[No. 11,555. Filed October 31, 1923.]

INJUNCTION.—*Landlord and Tenant.—Right to Relief.—Action for Possession of Realty.—Adequacy of Legal Remedy.—Statute.*—An action by a tenant under a lease for a term of years to restrain and enjoin the landlord from entering in and upon the leased premises and from interfering in any manner with the tenant's quiet enjoyment and peaceable possession of the premises, *held* a possessory action fully provided for by statute (§1096 Burns 1914, §1050 R. S. 1881) and an injunction will not lie, where there is an adequate remedy at law.

From Shelby Circuit Court; *Alonzo Blair,* Judge.

Action by Albert H. Paetz against Charles Mix. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Rochford, Wall & Rochford, Meiks & Hack, Elias D. Salisbury* and *James E. Ermston,* for appellant.

*Edward W. Little* and *Earl W. Little,* for appellee.

NICHOLS, J.—This was an action for an injunction and damages by appellant against appellee, to restrain and enjoin appellee from entering in and upon certain real estate, and from in any manner interfering with appellant's quiet enjoyment and peaceable possession of said premises, of which appellant claimed to be the lessee for a term of years.

The cause was tried by the court and a decision ren-

dered in favor of appellee and that he was, at the time of the commencement of this suit, lawfully in possession of the real estate involved, and that appellant take nothing under his complaint.

The error relied upon for reversal is the action of the court in overruling appellant's motion for a new trial.

Appellant's complaint stated a cause of action for injunction, but the uncontradicted evidence wholly failed to justify injunctive relief. Appellee was a tenant of the real estate in controversy under a former owner, and was in peaceable possession at the time appellant became the owner thereof. His right to continue in possession was the only question presented by the evidence. Possessory actions are fully provided for by statute. §1096 Burns 1914, §1050 R. S. 1881. If there is an adequate remedy at law, injunction will not lie. *Perry* v. *Hamilton* (1893), 138 Ind. 271, 35 N. E. 836; *Brown* v. *Herron* (1877), 59 Ind. 61; *Board, etc.*, v. *Wayne County* (1899), 153 Ind. 682, 53 N. E. 929; *Steel* v. *State* (1921), 191 Ind. 350, 132 N. E. 739, 18 A. L. R. 500.

Having reached the conclusion that under the uncontradicted evidence appellant has mistaken his remedy, if any he has, we do not need to consider other questions presented.

Affirmed.