HEUGEL *v.* TOWNSLEY.

[No. 26,990. Filed February 7, 1938.]

*Benjamin F. Zieg,* for appellant.

*Louis L. Roberts,* for appellee.

SHAKE, J.—On April 16, 1935, one Thomas J. Herron, as owner, leased to appellant a parcel of real estate in the city of Evansville, upon which was situated a business building, together with certain personal property useful in the ice cream business. The lease, which was in writing, was for the term beginning on its date and ending October 1, 1935, with "the option of leasing the above described property for the year 1936 for the sum of ($300.00) Three Hundred Dollars." Appellee paid her rent and conducted business in said building during the summer and early fall of 1935, and closed the place on November 2nd.

On April 9, 1936, the owner of the premises gave the

appellee a lease on the same premises for the term of one year, the appellant being at that time in possession, and on April 25th the appellee brought this action. The complaint is in one paragraph. After setting up appellee's lease to the premises, it alleges that appellant is unlawfully in possession and is a trespasser; that the business which appellee proposes to carry on in the building on the premises is seasonal in character and limited to the spring, summer and early fall months; that a continuing trespass on the part of appellant will result in irreparable damage, for which appellee has no adequate remedy at law. The prayer is for a mandatory injunction to prevent appellant from interfering with or depriving appellee from his right to possession.

Appellant filed an answer in general denial to the complaint; also an affirmative paragraph wherein she alleges that she is in possession of said property under a lease from the owner.

The cause was tried on May 29, 1936, under a stipulation that the hearing should be on the application for a permanent injunction. On June 1st the court made its finding and rendered its judgment against the defendant (appellant) for a permanent injunction, perpetually enjoining her from trespassing on the premises and from interference in any manner with appellee's right of possession and use of said premises. There was a motion for a new trial, which was denied, and the assignment of error challenges this ruling. The only propositions presented by the briefs are (1) that the finding of the court is not sustained by sufficient evidence, and (2) that the finding of the court is contrary to law.

Injunction is an extraordinary remedy and it will not lie where the law provides a method of redress which is full, adequate and complete, or, as some of the cases say, where the legal remedy is as practical and efficient to the ends of justice and its prompt

administration as is the remedy in equity. *Meyer et al.* v. *Town of Boonville et al.* (1904), 162 Ind. 165, 70 N. E. 146; *State Board of Tax Commissioners* v. *Belt Railroad and Stock Yards Company* (1921), 191 Ind. 282, 130 N. E. 641; *Stauffer et al.* v. *Cincinnati, Richmond & Muncie Railroad* (1904), 33 Ind. App. 356, 70 N. E. 543; *Fisher* v. *Carey et al.* (1918), 67 Ind. App. 438, 119 N. E. 376; *Haines* v. *Trueblood et al.* (1918), 67 Ind. App. 456, 119 N. E. 383.

While admitting the general rule stated, the appellee asserts that the case at bar comes within certain well recognized exceptions or refinements thereof. ■ One of these exceptions relied upon is, that injunction may be invoked to restrain acts or threatened acts of continuous trespass, when there is no adequate remedy at law. *Stewart* v. *Hartman et al.* (1874), 46 Ind. 331; *Pence* v. *Garrison et al.* (1884), 93 Ind. 345; *Miller* v. *Burket et al.* (1892), 132 Ind. 469, 32 N. E. 309; *Brenner* v. *Heiler* (1910), 46 Ind. App. 335, 91 N. E. 744. The exception relied upon by appellee, is subject to the further limtiation, however, that injunction may not be resorted to against one in possession under claim of right [*Paetz* v. *Mix* (1923), 80 Ind. App. 449, 141 N. E. 248; *Lacassagne* v. *Chapuis* (1892), 144 U. S. 119, 12 S. Ct. 659, 36 L. Ed. 368; *Blinn et al.* v. *Hutterische Soc. of Wolf Creek et al.* (1920), 58 Mont. 542, 194 p. 140], unless the one in possession is doing or threatening mischief, going to the injury or destruction of the estate. *Spear* v. *Cutter* (1849), 5 Barb. (N. Y.) 486; *Erhardt* v. *Boaro, et al.* (1885), 113 U. S. 537, 5 S. Ct. 565, 28 L. Ed. 1116.

In the case of *The Wabash Railroad Company* v. *Engleman* (1903), 160 Ind. 329, 333, 66 N. E. 892, this court said: "The general rule . . . is that in order to give a court of equity the right to enjoin a wrong about to be committed against or upon the property of another, in

addition to the fact that the threatened injury must be of such a nature as not to be susceptible of complete pecuniary compensation, the title of the complaining party to the property must be admitted or established by legal adjudication. . . . 'If the title to the *locus in quo* is in doubt, the injunction, if allowed at all, should only be temporary until the title can be determined at law.' The reason for this doctrine is because, as a general rule, a court of equity will not try disputed titles to land. . . . But exceptions, however, have been made to this general rule, and there is authority for asserting that when the aggrieved party *is in possession* of the premises, although his title thereto is in dispute and has not been established by law, if, under the particular circumstances, irreparable injury will result from the threatened wrong or trespass, an injunction will be awarded." (Italics ours.)

Appellee is in no position to assert that appellant was anything more than a naked trespasser. There is no showing by pleading or proof that she was committing or threatening to commit any acts of waste, mischief or damage to the property she occupied when or before the action was commenced. *The Centreville and Abington Turnpike Company* v. *Barnett and Another* (1851), 2 Ind. 536; *The Indianapolis Rolling Mill Company* v. *City of Indianapolis and Another* (1867), 29 Ind. 245; *Anthony et al.* v. *Sturgis et al.* (1882), 86 Ind. 479.

Appellee also asserts that if appellant retains possession of the building and deprives appellee, as the rightful tenant, of the use thereof, he will suffer loss of profits from the business which he contemplated establishing therein when he rented the property; that the damages he will sustain are necessarily of a speculative character which could not be recovered in an action at law, and that this situation

justifies the intervention of a court of equity. We are not impressed by this contention. Anticipated profits expected to be gained from the use of rental property which has never come into the possession of the tenant, are not such great or irreparable losses as equity will lend its strong arm to protect. In the case of *State ex rel. Fry* v. *Superior Court of Lake County et al.* (1933), 205 Ind. 355, 370, 186 N. E. 310, this court said: "In order to authorize the issuance of an injunction to protect a business or occupation, it is essential for the complaint to show an established business; the mere fact that he is willing to engage in such business is not enough."

We next give consideration to appellee's claim that he was entitled to relief by injunction because of the absence of any remedy at law which was as practical and efficient to the ends of justice and its prompt administration. We think the answer to this contention is suggested by the record before us. It appears that on the same day this action was begun below, an action in ejectment was commenced in the same court by the appellee and the owner of the premises in controversy, against the appellant. As to the ultimate disposition of that case we are not advised, beyond the fact that a writ of possession was sought and obtained by the plaintiffs therein and that the defendant (appellant) gave the statutory bond to the approval of the sheriff, entitling her to retain the possession during the pendency of the action, as provided in Acts of 1927, Chap. 254, §3; §3-1306 Burns Ann. St. 1933; §946 Baldwin's 1934. When it is shown that an action has once been commenced, the law will indulge the presumption that it is still pending, until the contrary is shown. *Williams* v. *Ellis* (1906), 101 Me. 247, 63 Atl. 818; *State Sav. Bank* v. *Hosmer* (1893), 95 Mich. 100, 54 N. W. 632.

Whatever the situation may have been prior thereto, we think the enactment of the act of 1927 (§3-1306 Burns 1933; §946 Baldwin's 1934) authorizing the service of writs of possession in suits for ejectment, unless the occupant provides bond, conditioned that the defendant "will safely keep and preserve said property; that the same will not be in any way injured or damaged; that he will deliver the same to the plaintiff, if judgment shall be rendered to that effect, and that he will pay to the plaintiff all such sums of money as he may recover in the action," affords a full, adequate and complete remedy in a case of this character.

In the case of *Steve* v. *Colosimo* (1937), 211 Ind. 673, 677, 7 N. E. (2d) 983, 984, this court said: "The purpose of the procedure provided for in that act is to facilitate the administration of justice and to prevent unnecessary delay of hearings involving the possession of real estate. . . . If the defendant remains in possession, by giving bond, and judgment for possession and damages is rendered against him, the judgment is made secure by the bond. The statute removes much of the incentive for filing dilatory pleas and motions for change of venue. The court remains open to every man for injuries done to him or his property. He has his remedy by due course of law."

Finally, the appellee claims that the so-called option clause in the appellant's 1935 lease was not an extension privilege, but merely a renewal option, ██ ██ which required some affirmative act by her in exercise thereof within the term fixed; that there was no evidence of such exercise, and so appellee says appellant's claim to possession was not only without color of right, but clearly unlawful.

The option clause referred to is quoted in the fore part of this opinion. It is not necessary for us to construe it or to determine whether it made appellant's pos-

session lawful under the circumstances. It is well established that injunction will not lie as an original and independent proceeding to determine title to land, the effect of which will be to take land out of the possession of one party and put it in the possession of another. See 32 C. J. pp. 134, 135, and numerous cases there cited. There are, of course, limitations and restrictions on the rule, such as, for example, where the subject of title is only incidental to the main action; where the possession was fraudulently obtained, or where the scope of the injunction sought does not go beyond the maintenance of the *status quo,* until the legal title can be determined in an appropriate action. Under the pleadings and evidence, the case at bar comes within the letter of the general rule, rather than within the spirit of any of the recognized exceptions.

We have reached this conclusion without regard to the fact that at the time the trial court granted the injunction the appellant was in possession by virtue of a statutory bond given in the ejectment suit, which entitled her to continue in possession during the pendency of that action. We suggest the query whether one and the same person may invoke the jurisdiction of a court of law for the purpose of prosecuting an action in ejectment, take the necessary steps to require the adverse party to give a statutory possession bond, and then, in the same court and at the same time, resort to the extraordinary remedy of injunction to summarily negate the bond and dispossess the occupant, upon the theory that the occupant is unlawfully in possession and a trespasser?

We have considered every question presented by this appeal and we conclude that the finding and judgment of the trial court is contrary to law.

Reversed, with instructions to sustain appellant's motion for a new trial.