SCHOONOVER, Administrator of STRAIN *v.* QUICK.

A set-off may be pleaded to an action by an administrator.

Monday,   APPEAL from the *Warren* Common Pleas.
December 2.
DAVISON, J.—This was an action by *Schoonover*, as administrator of the estate of *Samuel Strain*, deceased, against *Quick*. The complaint contains two counts. The first is for money paid by the intestate in his lifetime as surety for the defendant, and for his use; and the second is upon a note executed by the defendant to the intestate, while in life, for the payment of $100. Defendant answered by eight paragraphs. To all of which, except the fifth, sixth and seventh, the plaintiff demurred; but his demurrers were overruled, and he excepted. Replies, in denial of the answer. Verdict in favor of the plaintiff for $43, upon which the Court, over a motion for a new trial, rendered judgment. The plaintiff appeals to this Court.

The action of the Court in overruling the demurrer to the eighth paragraph of the answer, is mainly relied on for a reversal of the judgment. That paragraph alleges "that the intestate, in his lifetime, was, and his estate, since his death, has been, and still is, indebted to the defendant, $217,

for money lent and advanced, and for goods sold and de-

livered, of which a bill of particulars is filed, &c., and he now offers to set off so much of said indebtedness as may be necessary to satisfy the plaintiff's claim, &c.

Against the validity of this defense, it is insisted that a set-off is not pleadable to an action by an administrator. We think otherwise. The statutory rule is, "When cross demands have existed between persons, under such circumstances that one could be pleaded as a counter claim, or set-off, to an action brought upon the other, neither can be deprived of the benefit thereof, by the assignment or death of the other, and the two demands must be deemed compensated, so far as they equal each other." 2 R. S., § 61, p. 41. This provision, it seems to us, plainly authorizes the defense in question, and the result is, the demurrer was not well taken. The evidence given in the cause is in the record, and having examined it carefully, we are of opinion that it sustains the verdict. Other errors are assigned; but the verdict being right, on the evidence, they will not be further noticed.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. H. Brown* and *J. Park*, for the appellant.

*Bryant & Chandler*, and *Gregory* and *Harper*, for the appellee.