## HATFIELD ET AL. v. MAHONEY ET AL.

[No. 5,767. Filed November 27, 1906. Rehearing denied February 8, 1907.]

1. TENANCY IN COMMON.—*Liens.*—*Purchase by Cotenant.*—One tenant in common cannot buy in the common property at a tax sale and secure title thereby to the exclusion of his cotenant. p. 502.

2. TAXATION.—*Deeds.*—*Liens.*—*Title.*—Where a tax deed is invalid, it nevertheless conveys the lien for taxes, the legal title to the land remaining in the original owners. p. 502.

3. SAME.—*Tenancies in Common.*—*Liens.*—Where land belonging to two tenants in common is sold for taxes, each half of such property is liable for half of such lien. p. 502.

4. SET-OFF AND COUNTERCLAIM. — *Assignment.* — *Purchaser's Rights.*—Where plaintiffs held a claim against a decedent in his lifetime, his estate cannot enforce a claim against plaintiffs, assigned to it after his death by virtue of a contract made with a third party, in decedent's lifetime, the plaintiffs being entitled by virtue of §355 Burns 1901, §352 R. S. 1881, to set off their claim against the one assigned. p. 502.

5. SAME.—*Claims.*—*Judgment.*—In order for a party to be entitled to a set-off as provided by §355 Burns 1901, §352 R. S. 1881, it is not necessary that his claim should be reduced to judgment before the assignment or death of the other party. p. 504.

6. DECEDENTS' ESTATES.—*Set-Off.*—*Rights of.*—A decedent's estate is entitled to the same rights, and liable to the same demands, that the decedent would be, if alive. p. 505.

7. INJUNCTION.—*Remedy at Law.*—*When Adequate.*—Injunction lies in all cases where the remedy at law is not as clear, practical and efficient as the remedy by injunction. p. 505.

8. SAME.—*Judicial Sales.*—*Cross-Demands.*—Injunction lies on behalf of a tenant in common against whose land defendant holds a decree, to prevent a sale under such decree, where defendant owes plaintiff an equal or larger sum. p. 505.

From Huntington Circuit Court; *Orlando H. Whitelock,* Special Judge.

Suit by James M. Hatfield and another against George A. Mahoney and another. From a decree for defendants, plaintiffs appeal. *Reversed.*

*J. T. Alexander* and *James M. Hatfield, in pro. per.* for appellants.

*M. L. Spencer* and *W. A. Branyan,* for appellees.

ROBINSON, J.—Suit to enjoin the sale of certain land by the sheriff. The facts found by the court are, in substance, that on February 11, 1891, Elizabeth Hatfield owned a certain described tract of land containing 17.85 acres which she had owned and occupied for more than ten years prior thereto. On the above date there were $91.46 delinquent taxes against the land, which had accumulated while she owned it. On that date, by an erroneous description, the auditor offered the land for sale and John Highland attempted to purchase it, but in the certificate a defective description was inserted. On February 17, 1893, there was issued to Highland a deed which contained no accurate description. Highland at once took possession and continued in possession until April 4, 1901, receiving the rents and profits, and on that date Highland and wife conveyed the land by warranty deed to Lizzie C. Chenoweth, who went into possession. Elizabeth Hatfield continued to own the land until her death August 25, 1895, when the same was inherited by her children, Sabina Highland, wife of John Highland, and Uriah J. Peigh. On January 10, 1902, Peigh and wife conveyed to appellants the undivided one-half of the land, and on January 18, 1902, appellants brought partition proceedings asking that one-half be set off to them and one-half to Lizzie C. Chenoweth. Chenoweth answered by denial, and also filed a cross-complaint alleging that she held a lien on the land by reason of the purchase at tax sale on February 11, 1891, by John Highland and for taxes afterward paid by him up to the time he sold the land to her April 4, 1901. In that proceeding the court

found that appellants and Chenoweth were tenants in common, and that one-half should be set off to each, and that Chenoweth held a lien on the whole of the land for $470.03, for taxes paid and interest. Decree was entered awarding to appellants one-half of the land and to Chenoweth one-half and foreclosing the lien for $470.03, and adjudging a specific lien on the whole of the land, and ordering appellants to pay Chenoweth one-half of that sum in 120 days, or that the land be sold, and that upon payment of the lien partition should be made, and that such decree and judgment remain in full force. Commissioners were appointed, and their report, awarding the west half to Chenoweth and the east half to appellants, was confirmed, and the parties at once went into possession of the land thus awarded them. Chenoweth continued in possession until March 26, 1903, when she and her husband conveyed her part to one Krees, who took and now has possession. Prior to July 12, 1902, Uriah J. Peigh assigned to appellants the sum due him from John Highland for rent while Highland occupied the land, and on July 12, 1902, appellants instituted suit against Highland for $400 rent, which was then due and unpaid, which sum has never been paid. About May 1, 1903, John Highland died and James Highland was appointed administrator, and was substituted as party to that suit, and in April, 1905, by judgment of the Huntington Circuit Court, appellants were allowed $400 against such estate, and no part of such allowance has been paid. On March 19, 1904, Chenoweth entered upon the margin of the partition record an indorsement stating that, for value received and in pursuance of an agreement made with John Highland in his lifetime, she assigned to James Highland, administrator, for the use of such estate, the judgment lien and decree for the sale of land therein described. In June, 1904, the administrator caused a copy of the judgment and decree in the partition case to be issued to the sheriff who advertised appellant's portion of such land for sale on July 16, 1904, to satisfy

the one-half of such lien of $470.03, the same not having been paid, and on July 1, 1904, appellants brought this suit to enjoin such sale. A conclusion of law was stated in appellee's favor, and a decree and judgment rendered accordingly.

It is well settled that one tenant in common cannot buy in the common property upon a lien against it, and thus acquire title to the exclusion of his cotenant. But

1. the land was bought at tax sale by John Highland, who was not a cotenant, and Mrs. Chenoweth by the deed to her acquired title only to that part of the land owned by the wife of John Highland. The deed to John Highland was ineffective to convey title, but was

2. sufficient to carry the lien for the taxes paid. The title never was in John Highland, but remained in the heirs of Elizabeth Hatfield, and all the interest Highland had in the land was this lien for taxes which was conveyed to Mrs. Chenoweth. Suppose John Doe had bought the land for taxes, a deed from Doe and wife to Mrs. Chenoweth would not have conveyed title. But the title passed to Mrs. Chenoweth by the deed executed by Sabina Highland and her husband, and title only to the in-

3. terest owned by Sabina Highland. That interest was subject to the lien for one-half the amount of delinquent taxes, and the other interest to the other half. When appellants purchased the undivided half from Peigh it was then subject to this lien for taxes, which lien was held by Mrs. Chenoweth. This lien has been adjudged a valid lien by a court having jurisdiction of the subject-matter and of the parties, and all the interest Mrs. Chenoweth had in the lien has been assigned to the estate of John Highland, deceased, and is an asset of his estate.

But, in the lifetime of John Highland, appellants acquired a claim against him, and brought suit against him to enforce the claim, and since his death this claim

4. has been allowed against his estate. It is true there was no adjudication of the claim until after his

death, but appellants had the claim against him in his lifetime. Had Highland in his lifetime acquired the lien which Mrs. Chenoweth held, and had he undertaken to enforce it, appellants certainly could have pleaded their claim against him as a set-off. The assignment of the claim to his estate gives the estate no greater rights in the collection of the claim than Highland would have had had the claim been assigned to him in his lifetime. Section 355 Burns 1901, §352 R. S. 1881, provides: "When crossdemands have existed between persons, under such circumstances that one could be pleaded as a counterclaim or set-off to an action brought upon the other, neither can be deprived of the benefit thereof by the assignment or death of the other, and the two demands must be deemed compensated, as far as they equal each other." "This statute," said the court in *Huffman* v. *Wyrick* (1892), 5 Ind. App. 183, "gives the right to the holder of any such claim to treat it as having liquidated an equal amount of the other claim upon the death of the holder of the latter." See *Schoonover* v. *Quick* (1861), 17 Ind. 196; *Convery* v. *Langdon* (1879), 66 Ind. 311.

We think equity requires it to be held that when the administrator of Highland's estate took from Mrs. Chenoweth an assignment of the judgment, he took it subject to any equities against it. It is true it was an unliquidated claim during Highland's lifetime, but it has since been adjudged to be a valid claim against his estate. See *Lammers* v. *Goodeman* (1879), 69 Ind. 76; *Puett* v. *Beard* (1882), 86 Ind. 172, 44 Am. Rep. 280.

Judgment reversed.

## ON PETITION FOR REHEARING.

WATSON, J.—The appellees' counsel filed their petition for rehearing herein and assigned five causes therefor, but they may be properly stated as follows: (1) That the

court erred in holding that the appellants are entitled to have the allowance of a general claim in their favor against the estate of appellee Highland set off against the judgment *in rem*. (2) The court erred in holding that the appellants were entitled to an injunction to stop the sale, by the sheriff, of their real estate upon the judgment in favor of appellee Highland's estate.

As to the first cause we are confronted at the very threshold, in the consideration of this case, with the statute set out in the original opinion herein, which says in plain words that when cross-demands have existed between persons, under such circumstances that one could be pleaded as a counterclaim or set-off to an action between the parties, neither can be deprived of the benefit thereof by death or assignment. In the case at bar Highland bought the claim, in his lifetime, from Lizzie C. Chenoweth, but it was not assigned of record until after his death. The appellants had a claim pending in the Huntington Circuit Court against John Highland at the time of his death, which was afterwards found to be a valid claim by the court, and a judgment awarded against his estate in favor of the appellants. It cannot be contended that the claim did not exist during the lifetime of Highland, or, in other words, at the time of his death there did not exist between the parties cross-demands. Highland had bought the judgment, but the same had not been assigned of record. The appellants had a suit pending against Highland. The fact that it had not been reduced to a judgment makes no difference. It was a valid claim against him and is now against his estate. *Schoonover* v. *Quick* (1861), 17 Ind. 196, 197; *Porter* v. *Roseman* (1905), 165 Ind. 255; *Morrison* v. *Jewell* (1852), 34 Me. 146; 25 Am. and Eng. Ency. Law (2d ed.), 533.

Courts do not do or require idle things. If John Highland were alive, could it be said that the court would re-

quire him to pay the appellants, and in turn the appellants to pay John Highland? We think not.

The law does not enlarge the rights of an administrator beyond the rights of the deceased if he were alive, but the administrator stands as the representative of the deceased, in his place and in his stead, with no greater or less power:

As to the second proposition. It has been said: "The absence of a plain and adequate remedy at law affords the only test of equity jurisdiction, and the application of this principle to a particular case must depend altogether upon the character of the case as disclosed in the pleadings." *Watson* v. *Sutherland* (1866), 5 Wall. 74, 18 L. Ed. 580. See, also, *Miller* v. *Bower* (1902), 30 Ind. App. 116; *Chappell* v. *Jasper County, etc., Gas Co.* (1903), 31 Ind. App. 170, 172; *Bishop* v. *Moorman* (1884), 98 Ind. 1, 4, 49 Am. Rep. 731; *Carmel Nat. Gas, etc., Co.* v. *Small* (1898), 150 Ind. 427, 430. It is true, if the remedy at law is sufficient and affords the parties adequate means to settle their controversy, equity will not intervene by way of injunction, but a legal remedy must be so clear, practical and efficient that the ends of justice may be reached between the parties as the remedy in equity, and, unless it is so, the granting of an injunction is proper. It cannot be said, and it is not true, that appellants' remedy at law was as adequate and efficient to prevent a cloud being cast upon their title as the remedy in equity by injunction. In the case at bar, in the light of the cases cited in the original opinion and the foregoing authorities, it is very clear that the remedy in equity could alone afford proper and adequate relief, and that the ends of justice required the injunction to be issued.

The petition is therefore overruled.