NOTE.—Reported in 108 N. E. 868. See, also, 2 Cyc. 1014; 3 Cyc. 158.

---

MCKINZIE ET AL. *v.* THE FISHER GIBSON COMPANY.

[No. 8,619. Filed May 13, 1915.]

1. APPEAL.—*Review.*—*Evidence.*—*Sufficiency.*—In an action against a husband and wife to recover for automobile supplies sold and delivered to a garage alleged to have been operated by defendants, evidence showing that the wife had been the owner of a farm which had been deeded to her by her husband without consideration, and which, through the negotiations of her husband, was traded for the garage, which was taken over and held in her name, was sufficient to support a finding and judgment against the wife alone. p. 15.

2. APPEAL.—*Evidence.*—*Weight and Sufficiency.*—The court on appeal will not weigh the evidence, and, in determining its sufficiency to support the finding, will consider only that portion which is favorable to appellee. p. 15.

From Hamilton Circuit Court; *Meade Vestal*, Judge.

Action by The Fisher Gibson Company against Eva McKinzie and another. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*William Booth*, for appellant.
*Shirts & Fertig*, for appellee.

SHEA, J.—Action by The Fisher Gibson Company against appellants to recover judgment on an open account for $225.43, for automobile supplies shipped and charged to

the "Auto Inn" at Marion, Indiana. The issues formed by appellants' answer in general denial to the complaint in one paragraph were tried by the court. There was a finding and judgment for appellee, against appellant Eva McKinzie in the sum demanded, and for appellant James McKinzie. The only error assigned for reversal is the overruling of appellant Eva McKinzie's motion for a new trial, in support of which it is urged: (1) that the finding and judgment of the court is not sustained by sufficient evidence; (2) that the finding and judgment of the court is contrary to law.

It is insisted on behalf of said Eva McKinzie that the Auto Inn was owned, managed and controlled exclusively by appellant James McKinzie, and that she had no

1. interest therein. The evidence discloses that appellant Eva McKinzie owned a farm in Jennings County, which had been deeded to her by her husband and co-appellant, it is claimed, without consideration. Her husband negotiated a trade of said farm for a garage in Marion, Indiana. McKinzie thinks he paid some money in addition, but is not certain about it, and does not know how much. When the trade was consummated, Eva McKinzie went to Marion, and executed a deed for the Jennings County land to the other parties to the trade. She admits in her cross-examination that the Auto Inn was in her name, but claims that she had nothing to do with the management thereof. It is undisputed that some kind of writing was drawn up, passing title in the garage to Eva McKinzie. She was in and about the garage during the time it was claimed to be managed and operated by her husband. These facts are some evidence upon which the court might very well rest a finding and judgment. That this court will not

2. weigh the evidence, and will not disturb the judgment of the lower court when there is some evidence to support it, is too well settled to need citation of authority. In determining this question, the court on appeal will con-

sider only the evidence most favorable to appellee. *Ohio Valley Buggy Co.* v. *Anderson Forging Co.* (1907), 168 Ind. 593, 81 N. E. 574, 11 Ann. Cas. 1045; *McReynolds* v. *Smith* (1909), 172 Ind. 336, 86 N. E. 1009; *Warner* v. *Jennings* (1909), 44 Ind. App. 574, 89 N. E. 908.

There is sharp conflict in the evidence, but we are convinced from an examination of the record that the trial court which saw the witnesses, and observed their conduct and manner on the witness stand, is the best judge of their credibility, and the weight to be given to their testimony. We find no reversible error presented. Judgment affirmed.

NOTE.—Reported in 108 N. E. 867. As to delivery of property and when it does not amount to sale so as to pass title, see 120 Am. St. 868. See, also, under (1) 35 Cyc. 572; (2) 3 Cyc. 360.