## SCHLOSSER v. NICHOLSON.

[No. 22,950.  Filed January 14, 1916.]

1. ESTOPPEL.—*Pleading.*—Although no intendment will be made in favor of a plea of estoppel, such a plea forms no exception to the rule that, in the absence of a motion to make more specific, conclusions and recitals contained in a pleading will be treated as allegations of fact.  p. 288.

2. REFORMATION OF INSTRUMENTS.—*Evidence.*—*Parol Evidence.*— While parol evidence can not be received to contradict, vary, add to or subtract from the terms of a deed or other valid written intrument, the rule does not preclude the reformation of an instrument which, by reason of a mutual mistake of fact, or by reason of the mistake of one of the parties accompanied by the fraud of the other, has been so framed as not to express the true agreement of the parties, but the exception does not apply where the mistake is one of law.  p. 288.

3. REFORMATION OF INSTRUMENTS.—*Grounds.*—*Mistake of Fact or Law.*—Although a misunderstanding of the law of the state by a resident thereof affords no ground for the reformation of an instrument, such misunderstanding of the effect of the tax law of this State by one who has at all times been a nonresident, without actual information on the subject, must be treated as a mistake of fact rather than of law, and will afford ground for the reformation of a deed affected by such mistake.  p. 289.

4. CONTRACTS.—*Action.*—*Estoppel.*—*Mistake of Law.*—Since equity may reform and correct a written instrument embodying a mistake of fact, the existence of such mistake may be properly pleaded by way of estoppel to a complaint which seeks to take advantage thereof.  p. 290.

5. ESTOPPEL.—*Contracts.*—*Principal and Agent.*—*Nondisclosure.*— In an action for breach of covenant of warranty against taxes, an answer showing that defendant, a nonresident of the State, had listed the property for sale with plaintiff, a real estate agent; that plaintiff advised defendant that he could get $4,500 for the property if the price was reduced to that sum; that defendant through his son-in-law advised plaintiff that he would accept that price, but that it must be net and that all taxes must be assumed by the purchaser, whereupon plaintiff stated that he would give that price and assume the payment of all taxes, and a memorandum was thereupon drawn up which provided for the assumption by plaintiff of the taxes payable that fall, but did not provide for the payment of taxes payable the following year and which were then a lien on the property; that defendant's son-in-law signed an acceptance of the proposition contained in the memorandum and acknowledged receipt of a payment on the purchase price, but that he was without

authority to do so and that plaintiff knew of his lack of authority; that the deed subsequently drafted by plaintiff also omitted to provide for the assumption of the taxes payable the following year, and that defendant signed it under a mistaken impression that it relieved him from the payment of all taxes then a lien upon the property, and that plaintiff, though at the time defendant's agent and aware of the omission, remained silent in order to profit thereby; stated facts which, if true, were sufficient to estop plaintiff. p. 290.

From Clark Circuit Court; *Harry C. Montgomery,* Judge.

Action by Charles D. Nicholson against Andreas Schlosser. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Franklin Chappell* and *Wilmer T. Fox,* for appellant.

*Evan B. Stotsenburg* and *John H. Weathers,* for appellee.

Spencer, J.—Appellee's complaint charges, in substance, that on July 24, 1911, pursuant to a certain written contract between the parties, appellant conveyed by warranty deed to appellee certain real estate situated in the city of New Albany, subject only to the following condition: "Grantee agrees to pay the second installment of taxes for 1910;" that at the time of said conveyance, said real estate was not clear of other liens but that the State, county and municipal taxes thereon for the year 1911, payable in the year 1912 and amounting to $134.78, were then a lien against the property; that appellant refused to pay the taxes, whereupon appellee was compelled to and did pay the same on May 8, 1912, and now seeks to be reimbursed therefor. The written contract which preceded the execution of the warranty deed is set out as a part of the complaint and reads as follows:

"New Albany, Ind., July 17, 1911.

Mr. A. Schlosser. For your property in the city of New Albany, Ind., consisting of six cottages and lots on Galt Street and all lots owned by you on Green Street, I will give you forty-five hundred dollars cash. I also agree to assume the payment of the installment of taxes payable next November and will also assume payment of all public improvement claims arising after this date. I will take all the fire insurance carried by you on said cottages and pay you *pro rata* for the same. Subject to the above you are to give me a clear and unencumbered title to said property and convey the same to me with general warranty deed. You are to be entitled to all rents accruing up to the delivery of the deed. It is also understood that you are not to pay any commission to me or any one else for the making of this deal. Charles D. Nicholson.

I hereby accept the above proposition and acknowledge receipt of One Hundred Dollars on account of the purchase price. Andreas Schlosser. By Jos. H. Reising, Agent."

To this complaint appellant filed a general denial and an amended second paragraph of answer in which he admits the execution of the deed in question but says that appellee should not be permitted to plead or prove that the taxes for which recovery is sought were a lien on said property at the time of making the alleged agreement and of executing the deed, for the following reasons: That appellant is now and was at all times mentioned in the complaint and in the answer a resident of the city of New Orleans in the state of Louisiana; that in December, 1910, he requested his son-in-law, Joseph Reising, residing in New Albany, Indiana, to list for sale with certain real estate agents and brokers in said city the property described in appellee's com-

plaint; that the property was thereupon listed with appellee, a real estate broker doing business in said city, and with other agents in said city, to be sold on a commission basis; that during the month of January, 1911, appellee communicated with appellant, through Reising, and suggested that the price placed on the property by appellant, being the sum of $6,000, was too high, and that he might sell the property if the price was reduced, but that appellant refused at the time to reduce the price. That during the month of July, 1911, appellee informed appellant, through Reising, that he, appellee, could, he believed, get $4,500 for the property if the price was reduced to that sum; that appellant replied to that suggestion, through Reising, and stated that he must receive for said property the sum of $4,500 net; that said price was much lower than he had ever placed on the property before; that all taxes and assessments must be assumed by the purchaser, and that the commission for selling the same, together with all other charges, must come out of any amount received in excess of said price. That Reising delivered the message to appellee who read the letter containing the same and replied that he, himself, would give $4,500 net for the property; that he would waive his commission and assume the payment of all taxes and charges for public improvements on the same, and take the fire insurance and *pro rata* the same; that appellee, as such real estate agent, directed that a memorandum offer be drawn separate from the letter, which was of some length and related chiefly to family matters, and that the offer should be so transposed as though coming from a prospective purchaser; that Reising thereupon suggested that one Fred Gohman, also a son-in-law of appellant, and a better penman than Reising, should make the memorandum

offer of the terms; that Gohman did write a memorandum offer for the property, as directed by appellee, and the terms were so erroneously transposed as to make the purchaser assume the payment of all public improvements arising after the sale and to assume the payment of the installment of taxes payable in November following the date of the memorandum offer, but not the taxes for 1911 which were due and payable in the year 1912 although already a lien thereon. That the erroneous memorandum offer was thereupon submitted to appellee who approved the same and signed and accepted it; that the deed here in question was thereupon written and approved by appellee and forwarded to appellant, who executed the same. Appellant further alleges that Reising was a gratuitous messenger of appellant and a mere medium of communication between the parties hereto; that Reising had no authority, nor did he undertake to bind appellant by the alleged contract of sale, which facts were known to appellee; that Reising signed himself as agent of appellant at the special instance and request of appellee and as a holder of deposit money only; that appellee, as the agent of appellant, was himself the purchaser of the property and Reising had no material interest in the transaction as the agent of either party or otherwise, except as accommodator; that appellant had no opportunity to investigate the legal effect of the deed but at all times relied on his agent, appellee, and on no other person, to protect his interests and to procure for him the sum of $4,500 net for the property; that appellee knew that the taxes for the year 1911 were a lien on the property when the deed was executed but that appellant did not know the fact and would not have signed the deed with such knowledge; that he believed that the tax due and payable in November,

1911, was the only tax which constituted an encumbrance against the property. Other averments of the answer charge that appellee, as the agent of appellant, and himself the purchaser of the property in question, was charged with the duty of advising his principal, appellant, as to all the conditions surrounding the sale and particularly with regard to the encumbrances against the property and the legal effect of the deed in question; that he had knowledge of such facts but, by his silence, wilfully and knowingly misled appellant with intent to profit thereby. Prayer that appellee be estopped to recover the amount in controversy.

Appellee's demurrer to the above pleading was sustained, whereupon appellant, by leave of court, withdrew his answer in general denial and elected to stand on the amended second paragraph. There was a trial and finding for appellee on his complaint, and from a judgment on such finding this appeal is taken, the sole error assigned being that the court erred in sustaining the demurrer to appellant's amended second paragraph of answer. The evident theory of this pleading is that of an estoppel and, as appellee contends, no intendment will be made in favor of such a plea. *Bartholomee* v. *Town of Lowell* (1905),

1. 165 Ind. 224, 72 N. E. 1030; *Troyer* v. *Dyar* (1885), 102 Ind. 396, 1 N. E. 728. On the other hand, an answer in estoppel forms no exception to the rule that, in the absence of a motion to make more specific, conclusions and recitals contained in a pleading will be treated as allegations of fact. Acts 1915 p. 123.

The principal point in controversy is whether the trial court, under the pleading now before us, might

2. properly have received parol evidence to vary the terms of the deed set out in appellee's complaint. It is well settled as a general

rule of substantive law that parol testimony cannot be received to contradict, vary, add to or subtract from the terms of a valid written instrument (17 Cyc 567), and this rule has been frequently applied in cases involving the construction of deeds. *Martindale* v. *Parsons* (1884), 98 Ind. 174, 179; *Barnes* v. *Bartlett* (1874), 47 Ind. 98, 103; *Cincinnati, etc., R. Co.* v. *Pearce* (1867), 28 Ind. 502, 506; *Coleman* v. *Hart* (1865), 25 Ind. 256. But the above rule is subject to exceptions and has been held not to preclude the reformation of an instrument which, by reason of a mutual mistake of fact, or by reason of a mistake of one of the parties accompanied by the fraud of the other, has been so framed as not to express the true agreement of the parties. *Citizens Nat. Bank* v. *Judy* (1896), 146 Ind. 322, 329, 43 N. E. 259, and cases cited. This exception, however, has no application where

3. the mistake is one of law and appellee here contends that appellant cannot successfully plead a misunderstanding of the legal effect of the deed in question. Such contention would have to be sustained if appellant was a resident of Indiana and, therefore, chargeable with knowledge of its laws. But the pleading here affirmatively shows that appellant has at all times been a resident of the state of Louisiana and without actual information as to the tax laws of this State. His mistake, therefore, was as to the law of another state, which is treated as a mistake of fact. *Osincup* v. *Henthorn* (1913), 89 Kan. 58, 130 Pac. 652, 46 L. R. A. (N. S.) 174, Ann. Cas. 1914 C 1262; *Patterson* v. *Bloomer* (1868), 35 Conn. 57, 95 Am. Dec. 218; *Gibbs* v. *Peoples Nat. Bank* (1902), 198 Ill. 307, 312, 64 N. E. 1060; Bispham, Equity (9th ed.) §187; 16 Cyc 74. There can be no doubt that equity has power to reform

and correct written instruments which thus
4. embody a mistake of fact (*Adams* v. *Wheeler*
[1890], 122 Ind. 251, 23 N. E. 760; *Remm*
v. *Landon* [1909], 43 Ind. App. 91, 86 N. E. 973),
and we see no reason why the existence of such a
mistake may not properly be pleaded by way of
estoppel to a complaint which seeks to take advantage thereof.

In the case at bar it is apparent that the contract
of sale as transcribed by Gohman did not accurately
embody the terms of sale submitted by appellant.
5. pellant. It is apparent also that appellant
never saw or accepted in person the memorandum thus drafted. The answer alleges and the demurrer admits that Reising was not authorized and
did not attempt to bind appellant by his acceptance of appellee's offer as contained in such memorandum; also that appellee knew of such lack of
authority on the part of Reising. It is further alleged and admitted by the demurrer, that the deed
in question was drafted by appellee; that appellant
signed it under a mistaken impression as to the effect
of its terms; that the effect of such terms was known
to appellee, whose duty it was as appellant's agent
to advise his principal thereof; that he remained
silent in order to profit thereby and thus induced appellant, who relied on him alone, to sign an instrument which he would not have signed with knowledge of the real effect of its provisions. It is true
that to authorize a court to reform an instrument
on the ground of mistake it must be established beyond reasonable controversy that the instrument
does not express the intent of the parties (*Jinn* v.
*Barkey* [1855], 7 Ind. 69, 72), but there can be no
doubt that the facts set out in appellant's answer, if
sustained by the requisite proof, are sufficient to
estop appellee from recovering in this action.

Judgment reversed, with instructions to over-rule appellee's demurrer to appellant's amended second paragraph of answer and for further proceedings not inconsistent herewith.

NOTE.—Reported in 111 N. E. 13. As to mistake as ground for reformation of instrument, see 65 Am. St. 484. Whether mistake as to law of another state or country is one of law or of fact, see 46 L. R. A. (N. S.) 174. See, also, under (2) 17 Cyc 702, 705; 34 Cyc 981; (3) 34 Cyc 909; 16 Cyc 74; (4) 16 Cyc 809; (5) 16 Cyc 759.