## Fisher v. Carey et al.

[No. 9,516. Filed April 23, 1918.]

1. Injunction.—*Right to Relief.—Legal Remedy.*—Although a party may have a legal remedy, injunctive relief may be granted if that remedy is not as practicable, efficient and adequate as that afforded by equity, and whether a complaining party has a

legal remedy which will afford complete justice must be deter-mined under all the circumstances of the case and in view of the conduct of the parties. p. 442.

2. INJUNCTION.—*Right to Relief.—Multiplicity of Suits.*—Where there is a legal remedy, equity will frequently grant injunctive relief to prevent multiplicity of suits. p. 443.

3. INJUNCTION.—*Enjoining Trespass.—Complaint.—Sufficiency.*—In an action to enjoin defendant from using plaintiff's telephone line, and to recover damages for trespass, a complaint alleging that plaintiffs are the owners of a telephone line which defendant has no right or license to use, that he refused to desist in its use on their demand, that they cut his line and thereupon defendant reconnected the same, that he is threatening to use plaintiff's line continuously without right, and that such use has deprived and will continue to deprive plaintiffs of the use and enjoyment of their telephone line, showed a trespass continuous in its nature, which would furnish grounds for many actions at law, so that equity would grant injunctive relief to prevent a multiplicity of suits. p. 443.

4. PLEADING.—*Complaint.—Conclusions.—Construction.—Statute.*—A complaint which at least contains an adequate statement of conclusions is sufficient in the absence of a motion to require a statement of facts, under §343a Burns 1914, Acts 1913 p. 150, as to the construction of allegations in pleadings. p. 444.

5. PLEADING.—*Complaint.—Theory.*—A complaint should proceed upon some certain and definite theory which must be determined by its general scope and tenor. p. 444.

6. APPEAL.—*Review.—Theory of Case.*—Where the trial court con-strued a complaint as a cause in equity, seeking injunctive relief, so that plaintiff was not entitled to a jury trial, the court on appeal will adopt such construction, notwithstanding that the complaint is open to another interpretation equally as reasonable. p. 445.

7. TELEGRAPHS AND TELEPHONES.—*Enjoining Use of Telephone Line.—Damages.—Evidence.—Value of Use of Line.*—In an action to enjoin defendant from using plaintiff's telephone line, and to recover damages for trespass, it was not error for the trial court to permit one of the plaintiffs to testify what the uninterrupted use of the telephone line would be worth per month. p. 445.

8. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action to enjoin defendant from using plaintiff's telephone line, and to recover damages for trespass, even though evidence as to what the uninterrupted use of the telephone line would be worth per month was incompetent, its admission was harmless,

where no question as to the amount of damages recovered was presented by the motion for a new trial. p. 446.

9. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*— In an action to enjoin defendant from using plaintiff's telephone line, error, if any, in the admission of evidence as to defendant's general appearance on a certain occasion whether he was friendly or angry, was harmless. p. 446.

10. EVIDENCE.—*Opinion Evidence.—Competency.*—In an action to enjoin defendant from using plaintiff's telephone line, if the fact as to whether defendant appeared to be friendly or angry on a certain occasion was material, it was not error to permit a non-expert to testify to such fact, since it is competent for a nonexpert to give his opinion as to conduct and bearing, whether friendly or hostile. p. 446.

11. APPEAL.—*Review.—Evidence.—Weight and Sufficiency.*—Where there is some evidence to support every material fact necessary to plaintiff's right of recovery, the finding of the trial court based thereon is conclusive on appeal, though such evidence may be contradicted and not entirely satisfactory. p. 447.

From Howard Circuit Court; *William C. Purdum,* Judge.

Action by William W. Carey and another against Richard Fisher. From a judgment for plaintiffs, the defendant appeals. *Affirmed.*

*Blacklidge, Wolf & Barnes,* for appellant.
*Joseph C. Herron,* for appellees.

BATMAN, P. J.—This is an action brought by appellees against appellant to enjoin him from using a certain telephone line, and to recover damages for trespass. The complaint alleges, among other things, that appellees are the owners of a certain telephone line and attachments, which they have been using in connection with their farm residence, as a matter of convenience and enjoyment; that on the —— day of October, 1914, before the bringing of this action, appellant, without right or license, attached a certain wire to their said telephone line for the purpose of

using a telephone in his residence over their said line; that such attachment rendered their said telephone worthless, and deprived them of the proper use and enjoyment of the same in their residence in this: that such attachment produced a constant ringing of their said telephone so that it could not be used by them; that, as soon as they learned that appellant had attached his telephone wire to their said telephone line, they cut appellant's said wire from the same and notified him that he should not further trespass on them in such manner; that appellant then notified them that he intended to use, and would use, their telephone line for his use as a telephone connection, whether they consented to such use or not; that thereafter, on October 9, 1914, appellant maliciously and without right again attached his said wire to their said line for telephone purposes; that on account of said attachment they had been compelled to forego the use of their said telephone, in their residence, and have lost the use and enjoyment thereof, to their damage in the sum of $100. Appellees further aver that appellant is threatening to use their said telephone line without right; that to such end he has attached his telephone wire to their said line, as alleged above, and is threatening to use the same continuously for telephone purposes without regard to their rights and enjoyment; that such threatened use is wholly without right or license and is made purely from a spirit of mischief and malice and in disregard of their repeated protests against such use of their said property; that their damages for the continued use of their said telephone line by appellant, in the form and manner alleged, are irreparable on account of the inability to properly measure the same, and on ·

account of the multiplicity of suits. Prayer for injunctive relief and damages.

To this complaint appellant filed a demurrer for want of facts, which was overruled. The issues were then closed by a general denial. Appellant moved the court to submit the cause to a jury for trial. This motion was overruled, and the cause was tried by the court without the intervention of a jury, resulting in a judgment against appellant for $5 and costs, and perpetually enjoining him from attaching any telephone wire to appellees' telephone line. Appellant's motion for a new trial was overruled, and he has assigned as the errors on which he relies for reversal that the court erred in overruling his demurrer to the complaint, and in overruling his motion for a new trial.

Appellant, in support of his first assigned error, contends that the complaint shows that the act which appellees seek to enjoin, constitutes but a single trespass, which had been committed before this suit was commenced; that it does not show that the alleged threatened trespass will cause irreparable damage, or that full and adequate compensation cannot be had in an action at law, or that there will be a multiplicity of suits if injunctive relief is not granted, and that by reason of such facts the court erred in overruling his demurrer thereto.

In considering this contention the following well-established rules should be borne in mind. Although a party may have a legal remedy, injunctive relief may be granted, if such legal remedy is not

1.  as practicable, efficient, and adequate as that afforded by equity. *Cincinnati, etc., Railroad* v. *Wall* (1911), 48 Ind. App. 605, 96 N. E. 389; *Shedd*

v. *American Maize, etc., Co.* (1915), 60 Ind. App. 146, 108 N. E. 610. Whether a complaining party has a legal remedy which will afford complete justice must be determined under all the circumstances of the case, and in view of the conduct of the parties. *Drew* v. *Town of Geneva* (1898), 150 Ind. 662, 50 N. E. 871, 42 L. R. A. 814; *Hatfield* v. *Mahoney* (1906), 39 Ind. App. 499, 79 N. E. 408, 1086. Where there is

2. a legal remedy, equity will frequently grant injunctive relief to prevent a multiplicity of suits. *Knickerbocker Ice Co.* v. *Surprise* (1912), 53 Ind. App. 286, 97 N. E. 357, 99 N. E. 58; *Royer* v. *State, ex rel.* (1916), 63 Ind. App. 123, 112 N. E. 122, 113 N. E. 312. A threatened disturbance to an owner's right of possession has been held to authorize injunctive relief. *Miller* v. *Burket* (1892), 132 Ind. 469, 32 N. E. 309; *Brenner* v. *Heiler* (1910), 46 Ind. App. 335, 91 N. E. 744. Viewing the complaint in the light of these rules, we are led to conclude that it

3. is sufficient to authorize injunctive relief. It alleges in effect that appellees are the owners of the telephone line; that appellant had no right or license to use the same; that he refused to desist in its use on their demand; that they then cut said line and thereupon appellant reconnected the same; that he is threatening to use the same continuously without right, and that such use had deprived, and will continue to deprive, appellees of the use and enjoyment of their said telephone line. It thus appears that the acts of which complaint are made do not consist of a single isolated trespass, but a trespass continuous in its nature, which would furnish grounds for many actions at law. These allegations bring appellees well within the settled rule, stated by Pome-

roy in his work on Equity Jurisprudence, (4 Pomeroy, Eq. Jurisp. [3d ed.] §1357), as follows: "If the trespass is *continuous* in its nature, if repeated acts of wrong are done or threatened, although each of these acts, taken by itself, may not be destructive, and the legal remedy may therefore be adequate for each single act if it stood alone, then also the entire wrong will be prevented or stopped by injunction, on the ground of avoiding a repetition of similar actions." This rule was quoted with approval in the case of *Wirrick* v. *Boyles* (1909), 45 Ind. App. 698, 91 N. E. 621.

It is further contended by appellant that the complaint cannot be sustained on the grounds that the threatened injury will be irreparable, or that a multiplicity of suits will result, because there is no sufficient averment of facts in that regard. An inspection of the complaint shows that, when fairly construed, it at least contains a statement of conclusions in the particulars mentioned. This is sufficient in the absence of a motion to require a statement of facts necessary to sustain the same, under §343a Burns 1914, Acts 1913 p. 850. *Schlosser* v. *Nicholson* (1915), 184 Ind. 283, 111 N. E. 13; *Miller* v. *Gates* (1916), 62 Ind. App. 37, 112 N. E. 538. We therefore conclude there was no error in overruling the demurrer to the complaint.

Appellant assigned as one of its reasons for a new trial that the court erred in overruling its motion to submit the cause to a jury for trial. In support of this alleged error he insists that the complaint can only be sustained as an action to recover damages for an alleged trespass, and hence he was entitled to a trial by a jury. It is well settled

that a complaint should proceed upon some certain and definite theory, which must be determined by its general scope and tenor. *Lake Erie, etc., R. Co.* v. *Barnett* (1914), 56 Ind. App. 654, 105 N. E. 931; *Graham* v. *Henderson Elevator Co.* (1915), 60 Ind. App. 697, 111 N. E. 332. It is apparent that the trial court construed such complaint as a cause in equity seeking injunctive relief. It was fairly open to such construction, notwithstanding the fact that it sought a judgment for damages already accrued from the commission of the alleged wrongful act. This being true, this court will adopt such construction on appeal, notwithstanding it may appear to be open to another interpretation equally as reasonable. *Gilchrist* v. *Hatch* (1915), 183 Ind. 371, 106 N. E. 694, Ann. Cas. 1917E 1030; *Euler* v. *Euler* (1913), 55 Ind. App. 547, 102 N. E. 856; *Cincinnati, etc., R. Co.* v. *Gross* (1917), 186 Ind. 471, 114 N. E. 962; *Grand Trunk, etc., R. Co.* v. *Thrift Trust Co.* (1917), 68 Ind. App. 198, 115 N. E. 685. Actions for injunctions are not triable by a jury. *Helm* v. *First Nat. Bank, etc.* (1883), 91 Ind. 44; *Pence* v. *Garrison* (1884), 93 Ind. 345; *Small* v. *Binford* (1907), 41 Ind. App. 440, 83 N. E. 507, 84 N. E. 19. We therefore conclude that the court did not err in denying appellant a trial by a jury.

Appellant bases error on the action of the court in permitting appellee, William W. Carey, to testify what the uninterrupted use of the telephone line in question would be worth to him per month. The court did not err in permitting such evidence. It has been held that, in cases involving the deprivation of the use of property, the damage is its rental value, if it has a rental value, but, if not, then

the value of its use to the injured party for the time he was deprived of its use is the measure of damages. 8 R. C. L. 490, §51; *Standard Supply Co.* v. *Carter* (1908), 81 S. C. 181, 62 S. E. 150, 19 L. R. A. (N. S.) 155. Moreover, if it be conceded that such evidence is incompetent, it was nevertheless harmless, as it only bears upon the question of the amount of appellees' damages, and no question in that regard was presented by the motion for a new trial. *Pittsburgh, etc., R. Co.* v. *Macy* (1915), 59 Ind. App. 125, 107 N. E. 486; *Peabody, etc., Coal Co.* v. *Yandell* (1912), 179 Ind. 222, 100 N. E. 758.

Appellant also bases error on the action of the court in permitting appellee, Laura B. Carey, to testify as to appellant's condition and general appearance on a certain occasion, whether he was friendly or angry. Appellant contends that such evidence is immaterial and therefore incompetent. But conceding that it is immaterial, it is of such a character as to be clearly harmless, and hence there was no error in its admission. *Indiana Union Traction Co.* v. *Hiatt, Admr.* (1917), 65 Ind. App. 233, 114 N. E. 478, 115 N. E. 101, and authorities there cited. But if the facts to which such testimony was directed had been material, there would have been no error in its admission, under the well-established rule that it is competent for non-expert witnesses "to give their opinion on questions of identity, resemblance, apparent condition of body and mind, intoxication, insanity, sickness, health, value, conduct and bearing, whether friendly or hostile, and the like." *Johnson* v. *Thompson* (1880), 72 Ind. 167, 37 Am. Rep. 152; *Carthage Turnpike Co.* v. *Andrews* (1885), 102 Ind. 138, 1 N. E. 364, 52 Am.

Rep. 653; *Louisville, etc., R. Co.* v. *Wood* (1888), 113 Ind. 544, 14 N. E. 572, 16 N. E. 197.

Appellant also contends that the decision of the court is not sustained by sufficient evidence, and is contrary to law. In support of this contention he urges, among other things, that the evidence shows, either that appellant and appellees were tenants in common of the telephone line in question, or that appellant had license to use the same. In considering this contention we find that the evidence is in parol and conflicting. Under such circumstances the only question we are called upon to determine in that regard is whether there was any evidence to sustain the decision of the court. This is true, although such evidence may be strongly contradicted and not entirely satisfactory. *Thompson* v. *Beatty* (1908), 171 Ind. 579, 86 N. E. 961; *Warner* v. *Jennings* (1909), 44 Ind. App. 574, 89 N. E. 908; *Hollingsworth* v. *Hollingsworth* (1911), 50 Ind. App. 137, 98 N. E. 79; *Public Utilities Co.* v. *Cosby* (1915), 60 Ind. App. 252, 110 N. E. 576. There was some evidence to support every material fact necessary to appellees' right of recovery. The trial court has passed upon its weight, and this court is bound thereby.

We find no reversible error in the record. Judgment affirmed.

NOTE.—See under (1) 22 Cyc 771; (2) 22 Cyc 766; (10) 17 Cyc 91. Injunction against trespass to land, 199 Am. St. 731; injunction as remedy for continuing or repeated trespass, 15 Ann. Cas. 1235.