GORNEY ET AL. *v*. GORNEY, GUARDIAN ETC.

[No. 19,349.  Filed April 12, 1962.  Rehearing denied May 14, 1962.  Transfer denied April 28, 1964.]

*George Sands,* of South Bend, *Leon E. Woodford* and *F. L. Wiltrout,* both of Elkhart, for appellants.

*Anthony Olczak, Olczak & Olczak,* of South Bend,

*Philip E. Byron, Jr.,* and *Cawley & Bryon,* of Elkhart, for appellee.

## SEPARATE OPINION

JACKSON, J.—This matter came to this court on petition to transfer from the Appellate Court. Transfer was denied and this opinion is directed to such denial. The Appellate Court opinion is found in 181 N. E. 2d 779.

The discussion in this opinion can be and is narrowed to two issues. The complaint and amended complaint allege that appellants, as of June 1, 1950, persuaded one Frank Gorney to convey to them the following described real estate:

"This Indenture Witnesseth, That Frank Gorny, single and of adult age of St. Joseph County, in the State of Indiana, Convey and Warrant to Joseph A. Gorny and Bernice M. Gorny, Husband and wife, of St. Joseph County, in the State of Indiana, for and in consideration of One ($1.00) dollar and other valuable consideration Dollars, the receipt whereof is hereby acknowledged, the following described Real Estate in St. Joseph County in the State of Indiana, to-wit:

"The West one-half (1/2) of the Northwest Quarter (1/4) of the Southwest Quarter (1/4) of Section #4, Township #37 North, Range #1 East, also "The East one-half (1/2) of the West one-half (1/2) of the Southeast Quarter (1/4) of section #5, Township #37 North, Range #1 East, excepting ten (10) acres off of the entire width of the South end thereof.

"The grantor expressly reserves a life estate in and to the above described real estate, together with the use, occupancy, rents, issues and profits thereof.

"The consideration for this conveyance is less than $100.00 therefore no revenue stamps are attached hereto

"In Witness Whereof, The said Frank Gorny has hereunto set his hand and seal this 23 day of June 1950

"(Signed)  Frank Gorny

Frank Gorny"

The deed was executed June 23, 1950, and duly recorded. The grantor, Frank Gorny [Gorney] retained a life estate in such real estate. Thereafter, on December 4, 1950, all the parties to the deed mortgaged the real estate formerly owned by Frank Gorney, together with other land owned by appellants, to the LaPorte Savings Bank, LaPorte, Indiana, to secure a promissory note in the sum of $7,500.00.

Thereafter, on September 29, 1953, Frank Gorney was adjudged an incompetent and Jacob Gorney was appointed as his guardian. On February 9, 1956, Jacob Gorney as such guardian filed an action for Specific Performance against appellants in the Probate Court of St. Joseph County, the venue thereof being change to the Elkhart Superior Court of Elkhart County, Indiana. Ultimately plaintiff recovered on his amended complaint.

The theory of plaintiff's complaint is that at the time of the execution of the deed on June 23, 1950, there was an oral agreement to reconvey the land to the grantor after the grantees (appellants) had obtained a mortgage thereon. The record discloses the only evidence of an oral agreement to reconvey was at the time of the execution of the mortgage, more than five months after the execution of the deed. Also, the evidence of the oral agreement to reconvey came from Frank Gorney, an incompetent under guardianship since September 29, 1953, and who was still under guardianship on the date of trial. A grantor cannot

defeat a conveyance by claiming a constructive trust in property he conveyed, by asserting there was an oral promise to reconvey made by the grantee subsequent to the execution of the deed. 1 R. S. 1852, ch. 113, §1, p. 501, being §56-601, Burns' 1961 Replacement.

Appellants' motion for a new trial containing six grounds and their assignment of errors containing four specifications properly saved all questions thereby presented on appeal.

In order not to unduly extend this opinion it is sufficient to point out that the statute provides:

"No trust concerning lands, except such as may arise by implication of law, shall be created, unless in writing, signed by the party creating the same, or by his attorney, thereto lawfully authorized in writing." 1 R. S. 1852, ch. 113, §1, p. 501, being §56-601, Burns' 1961 Replacement.

It is the general rule that on the execution of a written instrument all prior agreements, and agreements executed concurrently therewith, are merged in the written instrument and the tenor thereof cannot be changed by parol agreement. *Schlosser* v. *Nicholson* (1916), 184 Ind. 283, 111 N. E. 13; *Guckenberger* v. *Shank* (1942), 110 Ind. App. 442, 37 N. E. 2d 708; *Finch, Admr.* v. *McClellan* (1921), 77 Ind. App. 533, 130 N. E. 13; 13 I. L. E., Evidence, §181, p. 55; Corbin on Contracts, §573.

Finally, the action at bar is one for specific performance. Therefore, in order to comply with the statute §56-601, Burns' 1961 Replacement, *supra,* and to avoid the statute of frauds it was necessary for plaintiff (appellee) to plead and prove the execution and delivery of a written contract. Parol evidence attempting to prove the existence of the oral contract would not afford a basis for a decree of specific per-

formance, as it would be within the statute of frauds. *Schoonover, Exr.* v. *Vachon* (1889), 121 Ind. 3, 22 N. E. 777; *Flowers* v. *Poorman* (1909), 43 Ind. App. 528, 87 N. E. 1107; *Wallace, Admr.* v. *Long* (1886), 105 Ind. 522, 5 N. E. 666, 55 Am. St. 222; *Lowe* v. *Turpie* (1896), 147 Ind. 652, 44 N. E. 25; *Hilker* v. *Curdes* (1922), 77 Ind. App. 466, 133 N. E. 851.

The cause should be reversed and remanded with instructions to sustain the motion for a new trial.

Achor, J., concurs.

NOTE.—Reported in 198 N. E. 2d 1.